FEDNAV LTD., a corporation, Plaintiff,

v.

STERLING INTERNATIONAL, a corporation, Defendant.

No. C–83–2992 SAW.

United States District Court, N.D. California.

Oct. 28, 1983.

Eric Danoff, Graham & James, San Francisco, Cal., for plaintiff.

Kenneth J. Adelson, Cooley, Godward, Castro, Huddleson & Tatum, San Francisco, Cal., for defendant.

## ORDER DENYING MOTION TO DISMISS

WEIGEL, District Judge.

Plaintiff alleges that:

Pursuant to a charter party of May 24, 1974, plaintiff Fednav Ltd. ("Fednav") acted as carrier for wood pulp shipped by defendant Sterling International ("Sterling"). In July, 1974, a merchant cargo vessel chartered by plaintiff loaded wood pulp for Sterling in New Brunswick, Canada. The wood pulp was described by Sterling on the bills of lading. In October, 1974, the cargo vessel delivered the wood pulp to the consignee in Iraq in the same condition as when it was received from Sterling.

After delivery, the consignee claimed that part of the wood pulp was not as described by Sterling, but rather was of an inferior type. The consignee and its insurer then filed a lawsuit in Iraq against Fednav for not delivering cargo as described on the bills of lading. Fednav contested liability and notified Sterling that Sterling would be responsible for the loss. Sterling refused to take over the defense of the lawsuit. On July 8, 1981, the High Court in Iraq found Fednav liable to the consignee in the amount of $171,528, which amount Fednav subsequently paid.

The complaint seeks indemnification from Sterling for Fednav's losses. Defendant moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6), claiming it is insufficient for two reasons. First defendant contends that, absent an express indemnity agreement, a carrier (Fednav) liable to a consignee for variance between goods as delivered and as described on a bill of lading prepared by the shipper has no right of indemnity against the shipper. Defendant asserts that this is true even where the

variance is entirely due to the shipper. Second, defendant contends that even if such a cause of action exists, the complaint is inadequate because plaintiff fails to allege that defendant Sterling or "anyone for whom it was responsible prepared the bills of lading or improperly described the cargo on the bills of lading." Both contentions are without merit.

A motion under Rule 12(b)(6) tests the formal sufficiency of the statement of claim for relief. The Court's inquiry is whether the allegations state a sufficient claim under Fed.R.Civ.P. 8(a). 5 C. Wright and A. Miller, *Federal Practice and Procedure,* § 1357, p. 594 (1969). Rule 8(a) sets forth the requirements for pleading a claim and calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). The complaint is to be liberally construed in favor of the plaintiff, and its material allegations taken as true. *Jenkins v. McKeithen,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 (1968). Only when the pleading fails to meet this liberal standard should it be dismissed under Rule 12(b)(6). Wright and Miller, *supra,* § 1356.

Federal admiralty law recognizes a "right to indemnification between a vessel owner and a charterer ... when one is held liable for fault for which the other is primarily liable." *Nisho-Iwai Co., Ltd. v. M/T Stolt Lion,* 617 F.2d 907, 913 (2d Cir.1980) (citations omitted). In *Anglomar v. Maecom S.A.,* 1982 A.M.C. 1549 (S.D.N.Y.1981), the court recognized a carrier's common law right to indemnification from the shipper where the carrier paid a consignee for defects traceable to the shipper. 1982 A.M.C. at 1552. Neither case involved an initial misdescription in a bill of lading.

The Carriage of Goods by Sea Act, 1936, 46 U.S.C. § 1300 *et seq.,* states that:

"The shipper shall be deemed to have guaranteed to the carrier the accuracy at the time of shipment of the marks, number, quantity, and weight, as furnished by him; and the shipper shall indemnify the carrier against all loss, damages, and expenses arising or resulting from inaccuracies in such particulars. The right of the carrier to such indemnity shall in no way limit his responsibility and liability under the contract of carriage to any person other than the shipper."

46 U.S.C. § 1303(5). Construing § 1303(5), the court in *Spanish American Company v. The Ferngulf,* 143 F.Supp. 345 (S.D.N.Y. 1956), *aff'd,* 242 F.2d 551 (2d Cir.1957), stated that:

The Carriage of Goods by Sea Act would appear to provide that if a carrier places on the bill of lading either the number of the packages or the quantity or the weight of the shipment as received from the ship, such statements become prima facie evidence of the goods as they are described and, as such, are binding upon the carrier ... If he does put them in, he, in effect, assumes responsibility therefor and has a right over against the shipper for indemnity arising from inaccuracies in such particulars.

143 F.Supp. at 350.

The Carriage of Goods by Sea Act (COGSA) applies only to shipments "... to or from ports of the United States, in foreign trade ..." 46 U.S.C. § 1300. In the present case, the goods were shipped from Canada to Iraq. Defendant thus asserts that plaintiff's citation of COGSA and cases decided thereunder which find a right of indemnity for a carrier against a shipper for losses suffered due to inaccuracies in the bill of lading are "entirely inappropriate". This conclusion is not warranted.

The purpose of COGSA was to achieve uniformity and simplification of bills of lading used in international trade and to reduce uncertainty concerning responsibilities, rights and liabilities of carriers, shippers and underwriters. *Union Ins. Soc. of Canton Ltd. v. S.S. Elikon,* 642 F.2d 721, 723 (4th Cir.1981); *Sunkist Growers Inc. v. Adelaide Shipping Lines, Ltd.,* 603 F.2d 1327, 1333 (9th Cir.), *cert. denied,* 444 U.S. 1012, 100 S.Ct. 659, 62 L.Ed.2d 640 (1979). The Canadian Carriage of Goods by Water Act (1936), Chapter C–15, Article III–5, is identical to 46 U.S.C. § 1303(5). The Ninth Circuit in *Sunkist Growers, Inc., supra,*

pointed out that the Canadian Act was enacted in 1936, the same year that COGSA was enacted by Congress, suggesting that Congress and the Canadian Parliament were working in unison. 603 F.2d at 1337.

 The provisions of COGSA do not *directly* apply to a shipment from Canada to Iraq.[1] It does not follow, however, that federal admiralty law denies a right to indemnity recognized both by the place of shipment and by the United States regarding shipments to or from its ports, pursuant to adoption of uniform international rules.[2] That result would be highly anomalous. Such disparate treatment of plaintiff's claim is avoided by the Court's decision that the general right to indemnity recognized in *Nisho-Iwai Co., Ltd.* and *Anglomar, supra,* encompasses a faultless carrier's right to indemnity for losses suffered due to the shipper's misdescription of goods on the bill of lading.

Defendant's final contention is that the complaint contains no allegation that defendant Sterling or any party within Sterling's control was responsible for the misdescription. Paragraph 6 of the complaint states that: "After delivery of the cargo, the ultimate consignee in Iraq ... claimed that part of the cargo was not as *described by Sterling,* but rather was of a different or inferior type of grade." The complaint could be clearer. Mere vagueness or lack of detail is not, however, ground for a motion to dismiss, but may be attacked by a motion for a more definite statement. *Harman v.*

*Valley Nat. Bank,* 339 F.2d 564, 567 (9th Cir.1964).

Accordingly,

IT IS HEREBY ORDERED that defendant's motion to dismiss the complaint for failure to state a claim upon which relief can be granted is denied.

1. Defendant apparently contends that the Canadian Act also is not directly applicable here. This point has not been briefed by either party. The bill of lading provides that any dispute arising under Fednav's bill of lading "shall be decided in the country where the Carrier [Fednav] has his principal place of business, and the laws of such country shall apply except as provided elsewhere herein." Plaintiff Fednav is a Canadian corporation. The record does not indicate where Fednav has its principal place of business. The Court has proceeded on the premise that Fednav's principal place of business is the United States and thus the admiralty and maritime law of the United States would be applied pursuant to this agreement. Defendant does not contend that the law of Canada, the most likely alternative, applies, or

that if it applied it would compel a different result.

2. Defendant suggests that the law of California controls this action. Defendant cites no authority for this proposition. Defendant does not contest that the case is one arising within the federal admiralty and maritime jurisdiction. That jurisdiction is properly invoked. *North Pacific Steamship Co. v. Hall Brothers Marine Railway & Shipbuilding Co.,* 249 U.S. 119, 125, 39 S.Ct. 221, 222, 63 L.Ed. 510 (1919); *Owens-Illinois, Inc. v. United States Dist. Court,* 698 F.2d 967, 970 (9th Cir.1983). Plaintiff brings a claim under the federal admiralty and maritime law. The maritime law controls all substantive issues in the disposition of such a claim. *See Larios v. Victory Carriers, Inc.,* 316 F.2d 63, 65 (2d Cir.1963) and cases cited therein.