DAVID K. LINDEMUTH CO., et al., Plaintiffs,

v.

SHANNON FINANCIAL CORP., et al., Defendants.

No. C–86–1007 SAW.

United States District Court, N.D. California.

June 20, 1986.

Robert A. Randick, Jr., Kim H. Bollinger, Spinetta, Randick & O'Dea, Oakland, Cal., for plaintiffs.

Kenneth G. Hausman, Bernard A. Burk, Howard, Rice, Nemerovski, Canady, Robertson & Falk, San Francisco, Cal., for defendants.

## ORDER

WEIGEL, District Judge.

Defendants' Shannon Financial Corp. (Shannon), SFC Leasing Corp. (SFC), and Michael McCune's motion to dismiss, or, in the alternative, for a more definite statement, came on for hearing June 19, 1986. The Court has considered the briefs, arguments of counsel and the entire record in this matter.

Plaintiffs, David K. Lindemuth Co., Inc. (Lindemuth), Giroux Tool & Engineering, Inc., and Research Machine Development, Inc., are three unrelated corporations. They join together to sue defendants Shannon, SFC, OTI, Inc. (OTI), Pengo Industries, Inc. (Pengo), NDT Systems, Inc. (NDT), ITT Industrial Credit Co. (ITT) and Michael McCune, an individual who is an officer, director and shareholder in Shannon and SFC.

Plaintiffs allege that they were all similarly defrauded concerning securities sold by defendants and filed a twelve count complaint. Specifically, count 1 charges all defendants with violating § 12(1) of the Securities Act of 1933 (1933 Act). Count 2 alleges violations of § 10(b) of the Securities Exchange Act of 1934 (1934 Act). Count 3 is brought under § 17(a) of the 1933 Act. Count 4 charges McCune with being a controlling person under § 15 of the 1933 Act and § 20 of the 1934 Act. Counts 5, 6 and 7 allege common law mis-representation and suppression of information. Count 8 alleges a breach of fiduciary duty by Shannon. Count 9 charges all defendants with conspiracy to defraud under California law. Count 10 asserts that ITT breached the implied covenant of good faith and fair dealing. Count 11 charges OTI with breach of contract. Finally, count 12 is brought under Cal. Bus. & Prof. Code §§ 17500 and 17535 for false advertising. Plaintiffs seek recision of their contracts (described below), $370,000 in general damages and $500,000 in punitive damages.

For purposes of this motion, the Court must assume all facts stated in the complaint are true. *California Motor Transportation Co. v. Trucking Unlimited*, 404 U.S. 508, 92 S.Ct. 609, 30 L.Ed.2d 642 (1972). The facts recited below are taken from the complaint.

NDT manufactured pipe inspection equipment, which it sold to Shannon at an inflated price. Shannon entered into a Master Lease Agreement with OTI as lessee. The monthly payments were to be in an amount equal to the monthly finance cost for purchasing the equipment. The rate was set at 18.5% per annum. OTI's performance obligations were guaranteed by Pengo. OTI and NDT were both subsidiaries of Pengo.

Prior to accepting possession of the equipment, Shannon, SFC and McCune sold the property at their cost to a number of investors, including plaintiffs, subject to the lease with OTI. McCune controls Shannon and SFC. Plaintiffs purchased the equipment in August, 1982. Shannon received a commission for the sale, and was to receive a share of the profits in any re-sale or re-lease of the equipment after the termination of the OTI agreement. ITT financed plaintiffs' purchase of the equipment, taking a security interest in it. This arrangement was designed to yield certain tax benefits to plaintiffs (depreciation, etc), as well as potential long-term profits.

Defendants allegedly misrepresented to plaintiffs the value of the equipment and

the market for new and used pipe inspection machinery. They also misrepresented the financial strength of OTI and Pengo. These misrepresentations were all made in writing in a "Offering Memorandum" dated June 15, 1982. In addition, Shannon, SFC and McCune made oral misrepresentations to plaintiffs concerning the strength of OTI and Pengo. Finally, although Shannon, SFC and McCune discovered the true financial condition of OTI and Pengo before plaintiffs bought the equipment, they did not disclose this information to plaintiffs.

On March 8, 1983, plaintiffs were advised in writing by Shannon that OTI and Pengo were in serious financial difficulty. In April 1983, OTI breached the lease agreement. ITT agreed to postpone the lease payments for the months of April, May and June 1983, and when OTI breached again, for August, September and October 1984. The payments were postponed until November 1987. On February 24, 1984, plaintiffs released Pengo from its guarantees in exchange for additional security to be provided by OTI. ITT agreed that the release was in plaintiffs' best interests.

In November 1984, OTI again breached the lease, and on February 5, 1985, ITT advised plaintiffs that they were in default. In March 1985, ITT took possession of the equipment. Plaintiff Lindemuth and ITT have since settled. ITT has not utilized the OTI security, nor has it maximized the sale price of the pipe inspection equipment.

All defendants conspired to perform all of the above acts. This suit followed.

Defendants Shannon, SFC and McCune now seek to dismiss counts 1–9 and 12 of the complaint (all of the counts seeking relief from them) because:

1. Count 1 is barred by the Statute of Limitations;[1]

2. All counts have not been pled with the requisite specificity under Federal Rule of Civil Procedure 9(b);

3. Count 3 alleges no cause of action because § 17(a) of the 1933 Act affords no private remedy;

4. Count 4 does not allege the manner of control by McCune of Shannon or SFC;

5. Count 8 fails to allege facts establishing the existence of a fiduciary duty between Shannon and plaintiffs;

6. There is no California action for conspiracy to defraud; and

7. Restitution and recision are not recoverable under Cal.Bus. & Prof. Code § 17535 absent a claim for injunctive relief.

Defendants contend that plaintiffs' complaint should be dismissed for failure to plead fraud with particularity pursuant to Federal Rule of Civil Procedure (FRCP) 9(b). In the alternative, they move for a more definite statement. Plaintiffs respond that their complaint is adequate and that defendants can discover any additional information to which they are entitled. Defendants' argument is unpersuasive except as to the allegations of oral misrepresentations.

Rule 9(b) requires that "averments of fraud ... shall be stated with particularity." Rule 12(e) allows for a more definite statement when the complaint fails to allege facts in a manner certain enough to permit the defendant to draft a responsive pleading. However, Rule 9 must be read in light of Rule 8(a) requiring averments to be simple, concise and direct. *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3d Cir. 1984); *Felton v. Walston & Co., Inc.*, 508 F.2d 577, 581 (2d Cir.1974). The purpose of this requirement is to give a defendant notice of the specific alleged misconduct so as to enable him to prepare a defense, and to bar suits filed as a pretext for discovery.

---

1. Plaintiffs concede that count 1 is barred by the Statute of Limitations. Accordingly, plaintiffs may not maintain their action under 15 U.S.C. § 77o, concerning controlling person liability under the Securities Act of 1933, since this statute requires that the controlled entity be found in violation of § 77l, the claim plaintiffs agree must be dismissed. *In re Falstaff Brewing Corp. Antitrust Litigation,* 441 F.Supp. 62, 67 (E.D.Mo. 1977).

*Semegen v. Weidner,* 780 F.2d 727 (9th Cir.1985). A plaintiff is not required to plead detailed evidentiary matters. *Walling v. Beverly Enterprises,* 476 F.2d 393 (9th Cir.1973).

Normally, a plaintiff meets its burden under Rule 9 by pleading the time, place and manner of the alleged fraud. *Semegen, supra,* at 735. However, plaintiff may find alternative ways to plead the particular circumstances of the fraud. *Seville, supra,* at 791.

Plaintiffs seek to establish a violation of the securities laws in three ways: (1) misrepresentations made in the written Offering Memorandum; (2) oral misrepresentations by Shannon, SFC and McCune; and (3) failure by defendants to inform plaintiffs of additional, material facts concerning the financial stability of OTI and Pengo. (Complaint, ¶¶ 16, 17, 19). The allegations in paragraph 16 of the complaint are adequate to satisfy Rule 9(b). A written prospectus of this type can be attributed to the officers of the disseminating corporation. The Memorandum is dated, and its contents are set forth. Moreover, plaintiffs identify the specific misstatements contained therein. This is surely sufficient to give defendants notice of the specific misconduct of which they are accused.

■ Paragraph 19 is also adequate under Rule 9(b). Plaintiffs cannot state the "time" of an omission. They specify that defendants Shannon, SFC and McCune had the specified information prior to the time plaintiffs entered into the purchase agreement. This specifies the relevant time within two and a half months. There is no "place" where the omission occurred, because plaintiffs are not alleging an act, they are alleging a failure to act. The manner of the omission is set forth in sufficient detail.

■ Paragraph 17, alleging oral misrepresentations by Shannon, SFC and McCune, is deficient. It states the misrep-

resentations made and which defendants made them. However, plaintiffs have not named the individual or individuals with whom they spoke (except for McCune), nor have they stated when these misrepresentations were made. Without this information, defendants cannot adequately investigate or respond to this allegation. Plaintiffs are required to file a more definite statement in this regard. However, this deficiency does not warrant dismissal. Even if the offending allegations are struck, plaintiffs have still made out a claim for violations of the securities laws and common law fraud.

Thus, except for the allegations concerning defendants' oral misrepresentations, the complaint is specific enough to satisfy Rule 9(b), and defendants have sufficient information on which to prepare an answer and defense. *Bosse v. Crowell, Collier & MacMillan,* 565 F.2d 602, 611 (9th Cir. 1977).

■ For the reasons set forth in *Landry v. All American Assurance Co.,* 688 F.2d 381 (5th Cir.1982); *Riley v. Brazeau,* 612 F.Supp. 674 (D.Or.1985); *Bruns v. Ledbetter,* 583 F.Supp. 1050 (S.D.Cal.1984); and *Hudson v. Capital Management International, Inc.,* 565 F.Supp. 615 (N.D.Cal. 1983), the Court finds that there is no implied right of action under § 17(a) of the Securities Act of 1933. Therefore, count 3 of the complaint must be dismissed.[2]

■ Defendants further contend that count 12, seeking recisionary damages for defendants' alleged violation of Cal. Bus. & Prof. Code § 17500, *et seq.,* must be dismissed as that statute provides only for injunctive relief or other orders in support of an injunction. This argument is well taken.

Although the Court could order recision or restitution as an *ancillary* remedy under § 17535, *Fletcher v. Security Pacific National Bank,* 23 Cal.3d 442, 452, 153 Cal.Rptr. 28, 591 P.2d 51 (1979); *People v.*

---

**2.** In reaching this conclusion, the Court has not overlooked *Stephenson v. Calpine Conifers II, Ltd,* 652 F.2d 808 (9th Cir.1981). It shares the views expressed in *Bruns* and *Hudson, supra,* and has considered the dicta in *Mosher v. Kane,* 784 F.2d 1385 (9th Cir.1986).

*Superior Court (Jayhill Corp.)*, 9 Cal.3d 283, 287 n. 1, 107 Cal.Rptr. 192, 507 P.2d 1400 (1973), there is no authority for the proposition that such relief can be granted in the absence of a suit for injunctive relief. Because plaintiffs seek no injunction against defendants, this claim for relief must be dismissed.

The Court has considered the remainder of defendants' contentions in this case, and finds them to be without merit. Accordingly,

IT IS HEREBY ORDERED that counts 1, 3 and 12 of the complaint are dismissed with prejudice.

IT IS FURTHER ORDERED that plaintiffs may file and serve a more definite statement pursuant to this Order on or before August 1, 1986. All defendants shall have thirty (30) days from the date said statement is filed to respond. If plaintiffs do not file the said statement, all allegations in the complaint concerning any oral misrepresentations shall be stricken.

IT IS FURTHER ORDERED that in all other respects, defendants' motion is denied.