Claudell **WASHINGTON**, Plaintiff,

v.

Thomas **BAENZIGER**, individually and doing business as the Dollar Company, the Dollar Company, Inc., a California Corporation, Carol Lefcourt, an individual, Lefcourt Corporation, a California Corporation, et al., Defendants.

No. C–86–4827 SAW.

United States District Court, N.D. California.

Nov. 16, 1987.

As Modified Dec. 9, 1987.

---

Anthony P. David, Edward Vincent King, Jr., San Francisco, Cal., for plaintiff.

Allen Ruby, Morgan, Ruby, Teter, Schofield, Franich & Fredkin, San Jose, Cal., Dinkelspiel & Dinkelspiel, San Francisco, Cal., Jean Starcevich, Law Offices of Robert Mezetti, San Jose, Cal., William E. McDonnell, Jr., Keesal, Young & Logan, San Francisco, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

This action arises from investments made by the plaintiff Claudell Washington, a professional baseball player, on the advice of his investment adviser and baseball agent, defendant Thomas Baenziger. Washington alleges that he invested in several high-risk limited partnerships at Baenziger's suggestion. Washington sues Baenziger; the Dollar Company, Inc., a company through which Baenziger conducts his business; and numerous individuals and corporations alleged to be associated with the limited partnerships in which Washington invested.

Washington charges the defendants with common law fraud, negligence, breach of fiduciary duty, interference with contractual relations, and with violations of federal securities law, California securities law, and the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, *et seq.* He also charges Baenziger and the Dollar Company with breach of contract and violations of the Investment Advisers Act, 15 U.S.C. § 80b–1 et seq.

The Court dismissed the plaintiff's First Amended Complaint, with sixty days leave to amend, on April 1, 1987. *Washington v. Baenziger*, 656 F.Supp. 1176 (N.D.Cal. 1987). Dismissal of the First Amended Complaint was primarily on the basis that the complaint failed to contain a short and plain statement of the claim as required by Federal Rule of Civil Procedure 8(a)(2), and that it did not state the allegations of fraud with particularity as required by Federal Rule of Civil Procedure 9(b).

Plaintiff filed a Second Amended Complaint on May 29, 1987. The following four groups of defendants have made motions regarding the second complaint: Thomas Baenziger and The Dollar Company, Inc. (the "Baenziger" defendants); Carol Lefcourt, Lefcourt Corporation, Lefcourt Financial Group, Inc., Bell Investors, U.S. Fund & Investment Consultants, Ridgewood Investors, Sunset Investors, and Jack B. Murray (the "Lefcourt" defendants); Financial Planners Equity Corp. and Michael Curtiss (the "FPEC" defendants); and FF Associates, Bernard M. Filler, and Capital B. Corporation (the "FF" defendants).

The Baenziger and Lefcourt defendants again have filed a motion to dismiss on the basis of Federal Rules of Civil Procedure

8(a)(2) and 9(b). They also move to dismiss the complaint for failure to state a claim under Rule 12(b)(6) on several other grounds. The FPEC defendants have filed a motion to dismiss under Rule 12(b)(6), and the FF defendants a motion for summary judgment under Rule 56, on the basis that all of the plaintiff's claims are barred by the statute of limitations.

## I. *Motions to Dismiss.*

The Baenziger and Lefcourt defendants' renewed motion to dismiss under Rules 8(a)(2) and 9(b) charges that the second complaint fails to correct the defects which warranted dismissal of the First Amended Complaint. The Court has carefully reviewed the Second Amended Complaint with an eye both to compliance with the Court's previous order and the policies underlying the federal rules on pleading.

■ The principal purpose of pleading in the federal courts is to give the defendant fair notice of the transaction sued upon and the nature of the claim against him. *See* Wright & Miller, *Federal Practice and Procedure* §§ 1215–16. The Rule 8(a)(2) requirement of a short and plain statement of the claim is designed to enable a defendant to prepare a responsive pleading. *Id.* The Rule 9(b) requirement of particularity in pleading allegations of fraud is intended to give a defendant notice of the specific alleged misconduct to enable him to prepare a defense, and to bar fraud suits filed as a pretext for discovery. *Lindemuth v. Shannon Fin. Corp.,* 637 F.Supp. 991, 993 (N.D.Cal.1986). A plaintiff is not required to plead detailed evidentiary matters. *Id.* at 994.

■ Plaintiff's Second Amended Complaint satisfies these requirements. While it is exceedingly far from a model complaint, plaintiff has made a good faith effort to comply with the Court's first order dismissing the complaint with leave to amend. With regard to Rule 8(a)(2), plaintiff has reorganized the complaint to group the causes of action by defendant, making it easier for each defendant or group of defendants to frame a responsive pleading. While the overall complaint remains long, each individual cause of action is relatively clear and concise. Plaintiff's practice of repeatedly cross-referencing his allegations makes the complaint difficult to follow, but a careful reading provides defendants with adequate notice of the nature of the claims against them. Indeed, the FF defendants have filed an answer to the Second Amended Complaint. The complaint is in compliance with Rule 8(a)(2), and the defendants' motion to dismiss on this ground is denied.

■ Plaintiff also has pled the allegations of fraud with the particularity required by Rule 9(b). In general, a plaintiff meets the burden under Rule 9(b) by pleading the time, place, and contents of the alleged fraud. *Semegen v. Weidner,* 780 F.2d 727, 731 (9th Cir.1985). Where the fraud consists of omissions on the part of the defendants, the plaintiff may find alternative ways to plead the particular circumstances of the fraud. *Lindemuth,* 637 F.Supp. at 994. For example, a plaintiff cannot plead either the specific time of the omission or the place, as he is not alleging an act, but a failure to act. *Id.*

■ In the Second Amended Complaint, plaintiff has divided the defendants into relevant groups and specified the causes of action against each group. He has also added dates to the allegations of fraud, and provided greater specificity to the alleged fraudulent acts of each defendant or group of defendants. These allegations are particular enough to put the defendants on notice of the allegations of fraud against them. The pleading also provides sufficient specificity to demonstrate that there is some factual basis for the allegations against the defendants, and that the suit is not a mere pretext for discovery. As noted earlier, FF defendants have answered the second complaint, including the allegations of fraud against them. The charges against the other defendants are substantially similar and permit these defendants to file answers as well. Plaintiff's second complaint complies with Rule 9(b), and the defendants' motion to dismiss on this ground is also dismissed.

■ The defendants' alternative motion for a more definite statement under Rule 12(e) is granted with respect to one group of allegations. Plaintiff's causes of action for violation Rule 10b–5 of the Securities Exchange Commission (causes of action 7, 15, 23 and 31) uniformly contain the blanket allegation that the defendants "utilized the mails and other instrumentalities of interstate commerce in engaging in the fraudulent conduct alleged above" (paragraphs 76, 127, 174, and 223). This specific allegation does not state the conduct of the defendants with sufficient particularity to permit them to respond. Where, in a pleading to which a responsive pleading is permitted, an allegation of fraud is so vague that a party cannot reasonably be required to frame a responsive pleading, a motion for a more definite statement is appropriate. *Guam Investment Company v. Central Building, Inc.* 288 F.2d 19, 24 (9th Cir.1961); *Wright & Miller* § 1300. Defendants' motion for a more definite statement is granted with regard to the allegations of the use of the instrumentalities of interstate commerce cited above.

The Baenziger and Lefcourt defendants also move to dismiss the RICO claims (causes of action 9, 17, 25 and 33), the allegations of interference with contractual relations (causes of action 10, 18, and 26) and the claim for attorney's fees (under causes of action 5, 13, 21, and 29) for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[1] The defendants' contentions are without merit.

■ A motion under Rule 12(b)(6) tests the formal sufficiency of the statement of the claim for relief. *Fednav Ltd. v. Sterling International*, 572 F.Supp. 1268, 1270 (N.D.Cal.1983). The complaint is to be liberally construed in favor of the plaintiff, and its material allegations taken as true. *Id.* Unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief, the court will deny a Rule 12(b)(6) motion. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

■ With regard to the RICO claims under 18 U.S.C. § 1962(c), the defendants argue that plaintiff has failed to allege liable "persons" as separate and distinct from the RICO "enterprise" as required by the statute. *United States v. Turkette*, 452 U.S. 576, 583, 101 S.Ct. 2524, 2528, 69 L.Ed.2d 246 (1981); *Schreiber Distributing v. Serv–Well Furniture Co.*, 806 F.2d 1393, 1396 (9th Cir.1983). Plaintiff has alleged that the individual defendants are "persons" under the statute, and that certain combinations of these defendants are "associations in fact" which constitute the RICO "enterprises." *See, e.g.*, Second Amended Complaint at ¶¶ 133–34. This allegation sufficiently distinguishes between the liable "persons" and the "enterprises." A single defendant can be part of a group of individuals who make up the RICO enterprise. *See United States v. Benny*, 786 F.2d 1410 (9th Cir.1986), *cert. denied*, —— U.S. ——, 107 S.Ct. 668, 93 L.Ed.2d 720 (1987) (claim distinguishing between "person" of individual defendant and "enterprise" of defendant's sole proprietorship, where enterprise had additional employees, stated a claim under RICO). Plaintiff does not allege a unity between the liable persons and the RICO enterprise. Therefore, his claim is distinguishable from the facts of *Rae v. Union Bank*, 725 F.2d 478 (9th Cir.1984), in which the Court held that a single corporate defendant could not be both the liable person and the RICO enterprises. *See Benny*, 786 F.2d at 1415–16. The defendants' motion to dismiss the RICO counts for failure to state a claim is denied.

■ Plaintiff has also stated a claim for interference with contractual relations under California law. The essential elements of this action are spelled out in *Dryden v. Tri–Valley Growers*, 65 Cal.App.3d 990, 135 Cal.Rptr. 720 (1977). To state a claim

---

1. These defendants have also moved to dismiss the entire complaint on the grounds that all of the plaintiff's causes of action are time-barred. This motion is treated in conjunction with the FF defendants' motion for summary judgment on the same grounds. *See infra* pp. 1484–1485 and note 2.

for relief, plaintiff must allege that (1) he had a valid and existing contract; (2) the defendant had knowledge of the contract and intended to induce its breach; (3) the contract was in fact breached by the contracting party; and (4) the breach was caused by the defendant's unjustified or wrongful conduct. *Id.* at 995. A careful reading of paragraphs 30(a), 38 to 43, 100, 149, and 198 of the Second Amended Complaint indicates that these elements have been pled by the plaintiff. The defendants' motion to dismiss the claims for interference with contractual relations is denied.

■ Defendants next charge that the plaintiff has failed to state a claim for attorney's fees either under California Civil Code § 1717 or the "third party tort" exception to California Code of Civil Procedure § 1021. Civil Code § 1717 provides for the reciprocation of the award of attorney's fees under contracts which contain attorney's fees provisions. Defendants are correct that attorney's fees are not available under Civil Code § 1717 in a tort action for fraud arising out of a contract. *McKenzie v. Kaiser–Aetna,* 55 Cal.App.3d 84, 89–90, 127 Cal.Rptr. 275 (1976). Plaintiff here, however, also has pled a claim for rescission of the contract and restitution based on the alleged fraud. *See, e.g.,* Second Amended Complaint at ¶ 117. As this action is "on the contract" within the meaning of Civil Code § 1717, plaintiff has stated a claim for attorney's fees under this section. *Star Pacific Investments, Inc. v. Oro Hills Ranch, Inc.,* 121 Cal.App.3d 447, 460–61, 176 Cal.Rptr. 546 (1981).

■ Plaintiff has also stated a claim for attorney's fees under the "third party tort" exception to California Code of Civil Procedure § 1021 (which requires each party to pay his own attorney's fees in the absence of contrary statute or contract). Under this exception, "a person who through the tort of another has been required to act in the protection of his interests by bringing or defending an action against a third person" is entitled to recover attorney's fees from those parties who caused the suit to be brought. *Prentice v. North American Title Guar. Corp.,* 59 Cal.2d 618, 620, 30 Cal.Rptr. 821, 381 P.2d 645 (1963). Plaintiff pleads that, because of the fraudulent misrepresentations and omissions of certain defendants, he has been required to bring this action to rescind the tortiously-induced purchase of investment units against other defendants. Second Amended Complaint at ¶¶ 69, 120, 167, and 216. These allegations state a claim for relief under the third party tort exception. It is irrelevant that the third person and the parties whose breach of duty made it necessary to sue the third person are both sued in the same action. *Prentice,* 59 Cal. 2d at 621, 30 Cal.Rptr. 821, 381 P.2d 645. Defendants' motion to dismiss the claims for attorney's fees is denied.

## II. *Motion for Summary Judgment.*

■ The FF defendants have moved for summary judgment under Federal Rule of Civil Procedure 56 on the grounds that all of the plaintiff's claims are barred by the applicable statute of limitations.[2] The statutes of limitations for the plaintiff's claims are as follows: for negligence, negligent breach of fiduciary duty, and interference with contractual relations, two years; for fraud and violation of Rule 10b–5 of the Securities Exchange Act of 1934, three years; for intentional breach of fiduciary duty, RICO, and the California Corporate Securities law, four years.[3] The acts al-

2. The Lefcourt, Baenziger, and FPEC defendants have moved to dismiss the Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) on the same grounds. As these motions raise matters outside the scope of the pleadings, pursuant to Rule 12(b) they are treated as motions for summary judgment and analyzed in conjunction with the summary judgment motion of the FF defendants.

3. *See* California Code of Civil Procedure §§ 339(1) (negligence and interference with contractual relations) and 338(4) (fraud); California Corp. Code § 25506 (California Corporate Securities law); *Vucinich v. Paine, Webber, Jackson & Curtis, Inc.,* 739 F.2d 1434, 1436 (9th Cir.1984) (negligent breach of fiduciary duty and Rule 10b–5); *Davis & Cox v. Summa Corp,* 751 F.2d 1507, 1520–21 & n. 3 (9th Cir.1985) (intentional breach of fiduciary duty); and *Agency Holding Corp. v. Malley–Duff & Assoc.*

leged in the complaint, which consist principally of acts of nondisclosure in the offer and sale of investment units to the plaintiff, occurred in 1980 and 1981. Unless the running of these statutes has been tolled, the plaintiff's claims are time-barred and summary judgment for the defendants is appropriate.

With the sole exception of the California Corporate Securities laws,[4] the statute of limitations for the plaintiff's claims began to run when the plaintiff either knew or had reason to know of the defendants' wrongful conduct. This general rule applies under both federal and California law. *Admiralty Fund v. Hugh Johnson & Co.,* 677 F.2d 1301, 1309 (9th Cir.1982); *Wozniak v. Peninsula Hospital,* 1 Cal.App.3rd 716, 725, 82 Cal.Rptr. 84 (1969). The question of when the alleged wrongdoing occurred or should have been discovered is a question of fact. *Mosesian v. Peat, Marwick, Mitchell & Co.,* 727 F.2d 873, 877 (9th Cir.1984). It may be decided as a matter of law "only when uncontroverted evidence irrefutably demonstrates that the plaintiff discovered or should have discovered" the defendant's wrongful conduct. *Kramas v. Security Gas & Oil Inc.,* 672 F.2d 766, 770 (9th Cir.1982), *cert. denied,* 459 U.S. 1035, 103 S.Ct. 444, 74 L.Ed.2d 600 (1982); *see also Wozniak,* 1 Cal.App.3d at 725, 82 Cal. Rptr. 84.

 Defendants rely on the plaintiff's execution and receipt of subscription agreements and private placement memoranda regarding his investments in 1980, his filing of a 1981 income tax return wherein his income was "over-sheltered", and his firing of his agent and investment adviser Thomas Baenziger in 1983 as conclusive evidence of when the plaintiff knew or should have known of the injuries which form the basis of his action. Plaintiff's response is that he is an unsophisticated investor with little formal education, that he did not personally investigate his invest-

ments or tax returns but instead reasonably relied on the professional advisers he had retained, and that he was unaware of the facts underlying his complaint until informed of them by his new investment adviser Career Sports International in 1986.

On the basis of the facts in the record, it cannot be said with certainty that plaintiff had actual knowledge of the facts underlying his cause of action in either 1980 or 1981. The documents which contain the plaintiff's acknowledgment that he had reviewed and understood their contents are in conflict with the averments in his affidavit that he had neither read or comprehended the investment materials, but had relied on the recommendations of his investment advisers. It is further disputed when the plaintiff should have been put on notice of the alleged wrongful acts of the defendants. The issue of what a reasonably prudent investor should have known is one that is particularly suited to a jury determination. *Mosesian,* 727 F.2d at 879.

Because precedent dictates that the question of actual or constructive notice of a cause of action is for the trier of fact, the party seeking summary judgment has a heavy burden to show that there exists no issue of material fact regarding notice. *Admiralty,* 677 F.2d at 1310. On the scanty record before the Court, with the material facts disputed by the parties and without the benefit of any discovery, this burden has not been met by the defendants. The defendants' motion for summary judgment on the basis of the statute of limitations, with the exception of the causes of action relating to the California Corporate Securities law, therefore is denied without prejudice.

Accordingly,

IT IS HEREBY ORDERED that:

(1) Defendants' motion to dismiss the Second Amended Complaint is denied;

---

*Inc.,* —— U.S. ——, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987) (RICO).

**4.** The statute of limitations under this statute is either one year after discovery of the wrongful act or four years absolute. Cal.Corp.Code § 25506. Plaintiff admits that, as the last offer

to sell securities occurred in 1981, more than five years before the filing of the complaint, the causes of action under the California Corporate Securities law are barred by the statute of limitations.

(2) Defendants' motion for a more definite statement is granted only with regard to causes of action seven, fifteen, twenty-three, and thirty-one which allege violations of Rule 10b–5 of the Securities Exchange Commission by use of the mails and other instrumentalities of interstate commerce;

(3) Defendants' motion for summary judgment is granted as to causes of action six, fourteen, twenty-two, and thirty relating to violations of the California Corporate Securities law;

(4) Defendants' motion for summary judgment is denied without prejudice as to all other causes of action in the Second Amended Complaint.