**L. GUERRERO, Plaintiff,**

v.

**Daryl GATES, et al., Defendants.**

**No. CV 00–7165 WJR (CTX).**

United States District Court, C.D. California.

Aug. 29, 2000.

---

Stephen Yagman, Marion R. Yagman, Joseph Reichman, Kathryn S. Bloomfield, Ygman & Yagman & Reichmann, Venice Beach, CA, for Plaintiffs.

Wendy Shapero, Paul N. Paquette, J. Trevor Grimm, James K. Hahn, Los Angeles, CA, for Defendants.

## ORDER REGARDING MOTION TO DISMISS

REA, District Judge.

On August 28, at 10:00 a.m. in Courtroom 10 of the Federal Court of the Central District of California, the Honorable William J. Rea, Judge presiding, Defendant Bernard Parks' Motion to Dismiss came on for hearing before this Court. Stephen Yagman, Katherine Kates, and Mitchell Kamin appeared on behalf of Plaintiff. L. Trevor Grimm and Wendy Shapero appeared on behalf of Parks.

## I. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may bring a motion to dismiss a plaintiff's claims if the plaintiff's allegations "fail to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). Generally, "[a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Thus, dismissal is proper where the complaint lacks either a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.1988).

In reviewing a Rule 12(b)(6) motion, a court must construe all allegations contained in the complaint in the light most favorable to the plaintiff, and must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn from them. *See Hospital Bldg. Co. v. Trustees of the Rex Hosp.*, 425 U.S. 738, 96 S.Ct. 1848, 48 L.Ed.2d 338 (1976). Thus, no matter how improbable the alleged facts are, the court must accept them as true for the purposes of the motion. *See Neitzke v. Williams*, 490 U.S. 319, 326–27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

A court need not, however, accept as true unreasonable inferences or unwarranted deductions of fact. *See Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981). A court does not have free reign simply to use its imagination. *See Associated Gen. Contractors v. California State Council*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983). Similarly, while a claimant generally "is not required to plead detailed evidentiary matters,"

*Washington v. Baenziger,* 673 F.Supp. 1478, 1482 (N.D.Cal.1987), the court need not accept as true conclusory allegations or legal characterizations. *See Sherman v. Yakahi,* 549 F.2d 1287, 1290 (9th Cir.1977).

Finally, in dismissing a complaint for failure to state a claim, a district court should grant leave to amend even if the plaintiff does not request it, unless the court determines that the pleading could not possibly be cured by the allegation of other facts. *See Doe v. United States,* 58 F.3d 494, 497 (9th Cir.1995). Granting leave to amend furthers the policy of facilitating decisions on the merits, rather than on the pleadings or technicalities. *See Lopez v. Smith,* 203 F.3d 1122, 2000 WL 144385, at *4 (9th Cir. Feb.10, 2000).

**II. Analysis**

A. *Application of Heck v. Humphrey*

First, Parks argues that Guerrero's 42 U.S.C. § 1983 claims are barred by *Heck v. Humphrey.* In *Heck v. Humphrey,* the Supreme Court held that a § 1983 action that would call into question the lawfulness of a plaintiff's conviction is barred until the conviction is "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 487, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

The Court finds, however, that *Heck v. Humphrey* does not bar the § 1983 claims of a plaintiff who is no longer in custody. In *Spencer v. Kemna,* five justices expressed the view that a § 1983 plaintiff who is no longer in custody "may bring a § 1983 action establishing the unconstitutionality of a conviction ... without being bound to satisfy a favorable-termination requirement that it would be impossible as a matter of law for him to satisfy." 523 U.S. 1, 21, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (Souter, J., concurring). The majority of courts since *Spencer* have followed this reasoning. *See Haddad v. Cali-*

*fornia,* 64 F.Supp.2d 930, 937–38 (C.D.Cal. 1999).

■ Here, Guerrero was released from custody in August 1999. Although Parks argues that Guerrero is in constructive custody because he is subject to terms of parole or probation, this fact does not appear on the face of the Complaint. Accordingly, the Court finds that Guerrero's § 1983 claims are not barred under the doctrine of *Heck v. Humphrey.*

B. *Statute of Limitations*

■ Second, Parks argues that Guerrero's § 1983 claims are barred by the statute of limitations. State law governs the length of the limitations period for a § 1983 claim. The limitations period for a § 1983 claim in California is one year. *See Del Percio v. Thornsley,* 877 F.2d 785, 786 (9th Cir.1989).

■ Although state law governs the length of the limitations period for a § 1983 claim, federal law determines when the claim accrues. *See Tworivers v. Lewis,* 174 F.3d 987, 991 (9th Cir.1999). Under federal law, a claim generally accrues when the plaintiff knows or has reason to know of the injury that is the basis for the action. *See id.*

*Heck v. Humphrey* creates an exception to the general rule regarding the accrual of a federal claim. *Heck v. Humphrey* held that where a judgment in favor of a plaintiff on a § 1983 claim would necessarily imply the invalidity of his conviction, the § 1983 claim does not accrue until the conviction has been invalidated. *See* 512 U.S. at 487, 114 S.Ct. 2364. Although a majority of courts since *Spencer v. Kemna* have held that *Heck v. Humphrey* does not bar a § 1983 claim by a plaintiff no longer in custody, *see Haddad,* 64 F.Supp.2d at 937–38, the cases have left open the question of when a § 1983 claim accrues where judgment in favor of the plaintiff on the claim would necessarily imply the invalidity of his conviction but the plaintiff is no longer in custody. It is apparent, howev-

er; that the earliest date such a claim could accrue is the date of the plaintiff's release from custody.

■ Here, Guerrero asserts § 1983 claims alleging that LAPD Rampart CRASH officers violated his Fourth and Fourteenth Amendment rights by unlawfully detaining him, illegally searching him, planting narcotics on him, and illegally arresting him, and as a result, he was falsely charged with a narcotics offense and unlawfully incarcerated. A judgment in favor of Guerrero on these claims would necessarily imply the invalidity of his conviction. Consequently, these claims did not accrue until Guerrero was released from custody. Guerrero was released from custody in August 1999 and filed this action less than one year later, on June 30, 2000. Accordingly, the Court finds that these claims are not barred by the statute of limitations.

■ In addition, Guerrero asserts a § 1983 claim alleging that LAPD Rampart CRASH officers violated his Fourth and Fourteenth Amendment rights by using excessive force to effectuate his arrest. It appears that a judgment in favor of Guerrero on this claim would not necessarily imply the invalidity of his conviction. *See Smithart v. Towery,* 79 F.3d 951, 952–53 (9th Cir.1996) (finding that successful § 1983 claim based on allegation of excessive force did not necessarily imply invalidity of plaintiff's conviction). Ordinarily this claim would accrue on November 14, 1997, when LAPD Rampart CRASH officers allegedly used excessive force to effectuate his arrest.

■ Under California law, however, prisoners serving less than a life sentence may toll claims for up to two years. *See* Cal.Code.Civ.Proc. § 352.1(a) (West 1982 and Supp.2000). Because Guerrero was continuously in custody from November 1997 to August 1999, his excessive force claim was tolled until August 1999. Guerrero filed this action less than one year later, on June 30, 2000. Accordingly, the Court finds that this claim is not barred by the statute of limitations.

## C. *Prospective Equitable Relief*

■ Third, Parks argues that Guerrero lacks standing to seek prospective equitable relief. The case or controversy standing requirement serves to limit federal jurisdiction to those cases in which an adversarial setting is guaranteed by the parties' personal stake in the outcome of the litigation. *See Warth v. Seldin,* 422 U.S. 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). The irreducible minimum demanded of a proper plaintiff requires that the plaintiff show that he has personally suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant, that can be fairly traced to the defendant's challenged conduct, and which is likely to be redressed by a favorable decision. *See Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982).

■ In cases for injunctive relief, the plaintiff must show that he is likely to suffer a similar injury in the future. *See Los Angeles v. Lyons,* 461 U.S. 95, 105, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983). Injunctive relief is unavailable where the plaintiff's claim of future injury is merely speculative. *See id.* Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief if unaccompanied by any continuing, present adverse effects. *See O'Shea v. Littleton,* 414 U.S. 488, 495–96, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). Courts have repeatedly held that this requirement is satisfied if the plaintiff alleges a persistent pattern of police misconduct from which a threat of future injury can be inferred. *See LaDuke v. Nelson,* 762 F.2d 1318, 1324 (9th Cir.1985).

■ Here, Guerrero alleges that he was the victim of repeated instances of misconduct at the hands of LAPD Ram-

part CRASH officers. Guerrero alleges that this misconduct is part of a larger pervasive pattern of misconduct by LAPD Rampart CRASH officers, which is "authorized, ordered, condoned, tolerated, acquiesced in, approved of, and ratified by defendants." First Am.Compl., at 23. Guerrero alleges that the alleged misconduct is continuing, that he is likely to be set up again by Defendants, and that there is a real and immediate threat of serious injury or death. *See id.* at 24. Assuming the truth of Guerrero's allegations, a future threat can be inferred from the alleged pattern of police misconduct. Accordingly, the Court finds that Guerrero has standing to pursue his claim for injunctive relief.

### D. *RICO Claims*

Finally, Parks argues that Guerrero lacks standing to pursue claims asserted under the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 to § 1968. RICO takes aim at "racketeering activity," which includes acts chargeable under state criminal laws and punishable by imprisonment for more than one year, such as murder, kidnaping, robbery, bribery, extortion, or dealing in narcotics. *See* 19 U.S.C. § 1961(a)(A) (West 1984 and Supp.2000). RICO makes it unlawful for "any person" to: (1) use money derived from a pattern of racketeering activity to acquire or maintain control of an enterprise, (2) acquire or maintain control of an enterprise through a pattern of racketeering activity, (3) conduct an enterprise through a pattern of racketeering activity, or (4) conspire to do so. *See id.* § 1962(a)–(d).

In addition to imposing criminal penalties, RICO authorizes a private suit by "any person injured in his business or property by reason of a violation of § 1962." *Id.* § 1964(c). Thus, if a defendant engages in a pattern of racketeering activity in a manner forbidden by these provisions, and the racketeering activities injure a plaintiff in his business or proper-

ty, the plaintiff has a claim under § 1964(c). *See Sedima, S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 495, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985).

Guerrero relies on § 1962(b), § 1962(c), and § 1962(d). A violation of § 1962(b) requires: (1) acquisition or maintenance of (2) an interest in or control of (3) any enterprise (3) through a pattern (4) of racketeering activity. *See Medallion TV Enters., Inc. v. SelecTV of Cal., Inc.,* 627 F.Supp. 1290, 1292 (C.D.Cal.1986). A violation of § 1962(c) requires: (1) participation (2) in the affairs of an enterprise (3) through a pattern (4) of racketeering activity. *See id.* A violation of § 1962(d) requires either: (1) an agreement, the objective of which is a substantive violation of RICO, and (2) awareness of the essential nature and scope of the enterprise and intent to participate in it. *See Howard v. America Online, Inc.,* 208 F.3d 741, 751 (9th Cir.2000). The plaintiff must allege each of these elements to state a claim.

In addition, a plaintiff only has standing if, and can only recover to the extent that, he has been injured in his business or property by the conduct constituting the violation. *See Sedima,* 473 U.S. at 496, 105 S.Ct. 3275. The RICO statute requires no more than this. *See id.* at 497, 105 S.Ct. 3275. Where the plaintiff alleges each element of the violation, the compensable injury necessarily is the harm proximately caused by the predicate acts that constitute the pattern of racketeering activity, for the essence of the violation is the commission of those acts in connection with the conduct of an enterprise. *See id.*

Here, Parks does not dispute that the necessary RICO elements are met. Rather, Parks argues that Guerrero lacks standing to pursue his RICO claims. Guerrero alleges that Defendants maintained control and conducted the affairs of the LAPD Rampart CRASH unit through a pattern of racketeering activities, including attempted murder, extortion, narcotics dealing, and witness tampering, in violation of 18 U.S.C. § 1962(b) and § 1962(c).

*See* First Am.Compl., at ¶ 58–60. In addition, Guerrero alleges that Defendants conspired to maintain control and conduct the affairs of the LAPD Rampart CRASH unit through the same means, in violation of § 1962(d). *See id.* ¶ 67.

■ Guerrero alleges that, as a result, he was injured in his business and property in the form of lost employment, employment opportunities, wages, and other compensation. Loss of employment, denial of employment benefits, loss of business opportunities, and damage to professional reputation have all been held to constitute cognizable injuries to business or property for purposes of RICO, so long as the injuries were proximately caused by a pattern of racketeering activity. *See Khurana v. Innovative Health Care Sys., Inc.,* 130 F.3d 143, 150–52 (5th Cir.1997); *Sadighi v. Daghighfekr,* 36 F.Supp.2d 279, 292 (D.S.C.1999); *McCampbell v. KPMG Peat Marwick,* 1997 WL 311521 at *2 (N.D.Tex. May 30, 1997).

■ Parks argues that Guerrero's alleged injuries constitute nothing more than pecuniary losses stemming from personal injuries and, as such, they are not cognizable injuries under the RICO statutes. *See Oscar v. University Students Co–operative Ass'n,* 965 F.2d 783, 785 (9th Cir.1992). A number of courts, however, have accepted or shown a disposition in favor of allowing RICO claims for the pecuniary losses associated with personal injuries caused by racketeering. *See National Asbestos Workers Med. Fund v. Philip Morris, Inc.,* 74 F.Supp.2d 221, 233 (E.D.N.Y. 1999); *see also Libertad v. Welch,* 53 F.3d 428, 437 n. 4 (1st Cir.1995) ("Plaintiffs like Libertad and Emancipacion could have standing to sue under RICO, if they were to submit sufficient evidence of injury to business or property such as lost wages or travel expenses, actual physical harm, or

specific property damage sustained as a result of a RICO defendant's actions."); *Jerry Kubecka, Inc. v. Avellino,* 898 F.Supp. 963, 968 (E.D.N.Y.1995) ("If [murder victims] had been merely disabled by the attempt on their lives but survived, presumably they would have had a RICO claim for lost earnings from their business activities because they had been injured in their business or property."); *von Bulow v. von Bulow,* 634 F.Supp. 1284, 1309 (S.D.N.Y.1986) ("The cost to [comatose murder target] of her committee and her inability to enjoy her personal and real property may well be compensable monetary injuries under RICO."); *Meyer v. First Nat'l Bank & Trust Co.,* 698 F.Supp. 798, 803 (D.N.D.1987) ("[t]he direct damages resulting from the predicate acts would also be compensable (i.e., recovery for the cost of a burned building, or personal injury resulting from threats), just as damages for 'infiltration injury' to a legitimate business enterprise would be compensable."); *Hunt v. Weatherbee,* 626 F.Supp. 1097, 1100–1101 (D.Mass.1986) (allowing sexual discrimination and harassment victim to seek lost wages under RICO). Accordingly, the Court finds that Guerrero has standing to pursue his RICO claims.[1] *See National Org. for Women, Inc. v. Scheidler,* 510 U.S. 249, 256, 114 S.Ct. 798, 127 L.Ed.2d 99 (1994) (holding that allegation that conspiracy "injured the business and/or property interests" of the petitioners was sufficient to confer standing at the pleading stage).

Based on the foregoing, the Court hereby denies Parks' Motion to Dismiss.

IT IS SO ORDERED.

---

1. The Court emphasizes that Guerrero may recover only to the extent that he has been injured in his business or property by the conduct constituting the RICO violation. *See Sedima,* 473 U.S. at 496, 105 S.Ct. 3275.

Thus, Guerrero must prove concrete financial losses to recover on his RICO claims, and any damages will be limited to the extent of the tangible financial injury, e.g., lost wages, etc. *See id.; Oscar,* 965 F.2d at 785.