John **ARNDT**; Joan Arndt; et al., Plaintiffs,

v.

**PRUDENTIAL BACHE SECURITIES, INC.; et al., Defendants.**

Civ. No. 84–1235–JLI(CM).

United States District Court, S.D. California.

Nov. 28, 1984.

Patrick Duffy and Gregory Germann, Long Beach, Cal., for plaintiffs.

Samuel Keesal and Robert Feighner, Long Beach, Cal., for defendants Prudential Bache, Farrish and Katsen.

Robert McGregor and James Stiven, San Diego, Cal., for defendants Merrill Lynch and Hinke.

Michael Kirby and Gregory Post, San Diego, Cal., for defendants Drexel, Burnham, Lambert and Marquit.

Philip Westbrook, for defendants Chubb and Massa.

## AMENDED MEMORANDUM DECISION AND ORDER

IRVING, District Judge.

Defendants Prudential Bache; Farrish; Katsen; Merrill Lynch; Hinke; Drexel Burnham Lambert; and Marquit's Rule 12(b)(6) and Rule 9 motions came on for hearing on November 19, 1984. Having considered the pleadings, all papers filed in support of and in opposition to the motions, and the oral argument of counsel, the court issues the following memorandum.

## BACKGROUND

Plaintiffs allege that defendants conspired with various companies with which J. David Dominelli had a relationship ("J. David Entities"), and each other, to carry out a scheme in which J. David securities were financed and issued in violation of the California Corporations Code and the Securities Exchange Act of 1934. In a fourteen-claim complaint, plaintiffs, investors in the J. David Entities, allege that the defendants caused false information regarding J. David Entities' losses to be communicated by wire and in written form. Plaintiffs allege that they relied on defendants' representations in making and continuing their investments in J. David Entities. Plaintiffs also allege that the conspiracy profited from the concealment of the J. David Entities' losses by collecting fees, commissions and/or illegal kickbacks. Little more than these general allegations are specified in each individual claim of the complaint.

J. David Dominelli and the J. David Entities are not named in the suit as they are in Chapter Seven bankruptcy proceedings.

## DISCUSSION

### I. Defendants' 12(b)(6) Motion

All defendants, except Chubb and Massa, move to dismiss Claims 1 through 9, 13 and 14 for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Each claim is considered separately:

### A. Claims 1 through 3: RICO

Plaintiffs allege violations of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C.A. § 1962 (West Supp.1970–1983). Plaintiffs do not specify which subsection of 18 U.S.C.A. § 1962 has been violated.

Defendants seek dismissal of the RICO claims on four grounds. Defendants prevail on the two of their arguments, therefore the others will not be addressed.

Defendants claim that plaintiffs have failed to sufficiently allege a RICO "enterprise." The statute provides:

"[E]nterprise" includes any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity.

18 U.S.C.A. § 1961(4) (West Supp.1970–83). Nowhere in their complaint do plaintiffs allege, specifically or implicitly, an enterprise or who comprises the enterprise.

Defendants also argue that plaintiffs have failed to allege a "racketeering enterprise injury," i.e. an injury beyond that occasioned by the predicate offenses or incurred "by reason of" a violation of RICO. RICO's civil remedy provision permits recovery by "any person injured in his business or property *by reason of a violation of section 1962.*" 18 U.S.C. § 1964(c) (emphasis added). On its face, the statute does not require that a racketeering enterprise injury be pleaded. However, many courts have construed this statutory language to impose such a requirement in order to keep within the spirit of the RICO statute and the legislature's intent. *Integrated Systems Management v. Dynamic Control Corporation,* No. 84–0547–JLI (S.D.Cal. Sept. 5, 1984) (order dismissing RICO claim); *Sedima v. Imrex Co., Inc.,* 741 F.2d 482 at 497 (2d Cir.1984); *Moss v. Morgan Stanley, Inc.,* 553 F.Supp. 1347, 1361 (S.D.N.Y.), *aff'd,* 719 F.2d 5 (1983); *Harper v. New Japan Securities International, Inc.,* 545 F.Supp. 1002, 1007 (C.D. Cal.1982).

In this instance, plaintiffs' complaint fails to identify an enterprise and any injury beyond that incurred "by reason of" a violation of RICO. In fact, they fail to state which part of Section 1962 has been violated. Under these circumstances, plaintiffs have failed to state a RICO claim upon which relief can be granted.

### B. *Claims 4 through 6—Fraud*

■ Plaintiffs allege that defendants committed fraud by representing to plaintiffs and/or their representatives that J. David's trading history was a successful one and that such statements were fraudulent. Defendants argue that the circumstances constituting this fraud are not pleaded with sufficient particularity. Fed. R.Civ.P. 9(b). Defendants are correct. The complaint is not sufficiently particular in identifying the fraudulent acts or the actors. In its present form, the complaint alleges that all defendants made statements to all plaintiffs. Not only is that highly improbable, but counsel has admitted in oral argument that that is not the case. In order to plead fraud with sufficient particularity in this instance, plaintiffs must identify who said what to whom, and when such statements were made. *See Bruns v. Ledbetter,* 583 F.Supp. 1050 (C.D.Cal.1984); *Hokama v. E.F. Hutton & Co., Inc.,* 566 F.Supp. 636 (C.D.Cal.1983).

### C. *Claims 7 through 9—Negligent Misrepresentation*

For the reasons stated in Part B of this memorandum, the court finds that plaintiffs allegations of negligent misrepresentation are not pleaded with sufficient particularity.

### D. *Claim Thirteen—Breach of Fiduciary Duty*

■ Plaintiffs' complaint alleges that all defendants conspired to breach J. David Entities' fiduciary duty to them. Defendants argue that the circumstances constituting this breach of fiduciary duty are not pleaded with sufficient particularity. Fed. R.Civ.P. 9(b). Defendants are correct. In its present form, the complaint does not identify the basis for a fiduciary relationship between each defendant and each plaintiff. Also, the complaint does not allege how the duty was breached. Thus, plaintiffs' claims for breach of fiduciary duty have not been sufficiently pleaded.

### E. *Claim Fourteen—Securities Fraud under 10(b)(5)*

■ Plaintiffs' complaint alleges that defendants made representations to plaintiffs and/or their representatives in violation of the Securities Exchange Act of 1934, § 10(b), 15 U.S.C.A. § 78a et seq. (West Supp.1983) and Rule 17 C.F.R. 240 10(b)–5.

Defendants argue that the securities fraud alleged in Claim Fourteen is also insufficiently pleaded. The court agrees. Plaintiffs fail to identify the securities involved, and the persons purchasing and selling the securities. Thus, they have failed to state with sufficient particularity a violation of 10(b) "in connection with the purchase or sale" of securities.

## II. *Defendant Prudential Bache's Request for Stay*

Defendant Prudential Bache requests a stay of these proceedings because plaintiffs have failed to join indispensable parties presently involved in the related bankruptcy proceeding. Fed.R.Civ.P. 12(b)(7) and 19. In light of the present dismissal of the claims involving defendants Prudential Bache, Farrish and Katsen, the motion for stay of these proceedings is denied.

## III. *Defendant Merrill Lynch and Hinke's Motion to Dismiss Based on the Applicable Statute of Limitations*

To the extent that they occurred prior to May 1981, Merrill, Lynch and Hinke argue that claims based on their actions before that date are barred by the California statute of limitations. In light of the present dismissal of the claims involving Merrill, Lynch and Hinke, this motion is denied.

Accordingly, the court orders the following:

(1) that Claims 1 through 3 be dismissed without leave to amend;

(2) that Claims 4 through 9 be dismissed with leave to amend; and

(3) that Claims 13 and 14 be dismissed with leave to amend.