Julius **GRAY** and Leroy **William Rodewald**, on behalf of themselves individually and all others similarly situated, Plaintiffs,

v.

**FIRST WINTHROP CORPORATION, et al., Defendants.**

**No. C–90–2600 JPV.**

United States District Court,
N.D. California.

Nov. 13, 1990.

---

Elizabeth Joan Cabraser, Richard M. Heimann, Marilyn Kaplan, Andrew P. Lamis, Lieff, Cabraser & Heimann, San Francisco, Cal., for plaintiffs.

Dewey Ballantine, Robert W. Fischer, Jr., Lee Smalley Edmon, Eileen Spadoni, Los Angeles, Cal., for defendants.

### MEMORANDUM AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS

VUKASIN, District Judge.

### INTRODUCTION

Defendants' Motion to Dismiss[1] was scheduled to be heard on November 8, 1990. After a review of the briefs, this court considered it appropriate to submit the motion on the pleadings pursuant to Local Rule 220-1, and now DENIES the motion.

---

**1.** This Motion is joined by defendants General Electric Company, General Electric Pension Trust, and Arthur S. Bahr (hereinafter "GE defendants").

## BACKGROUND

Plaintiffs invested in a real estate limited partnership which did not perform as well as they had hoped. Plaintiffs allege that defendants, who are the offeror, financial backers, and others involved in the limited partnership, improperly induced plaintiffs to invest. The prospectus and offering materials were issued on October 31, 1984. Among other representations, these materials projected a positive cash flow from the project, based on estimates of full occupancy by October 1985 at certain rental rates. Plaintiffs invested in the partnership in December 1984 and January 1985, each by purchasing one unit in the form of a $100,000, interest bearing, six year term note.

Plaintiffs received periodic status reports on the project after they invested. From February 1985 continuing through 1986, these reports indicated that the project was failing to perform as projected in the prospectus and offering materials. Plaintiffs allege that the disclosures of adverse circumstances were selective, and were coupled with reassurances that the project would eventually prove profitable. These reassurances allegedly lulled plaintiffs into a false sense of security from which they were not disabused until investigations by their counsel in August of this year. As a result of their attorneys' investigations, plaintiffs assert claims under the federal securities laws, Civil RICO, intentional and negligent misrepresentation, breach of fiduciary duty, negligence, and interference with prospective business interests.

The GE Defendants now move to dismiss the complaint, primarily on the grounds that it is time barred. In the alternative, the GE defendants assert substantive defects in two of the common law claims as additional grounds for dismissal.

## DISCUSSION

### 1. Statutes of Limitation.

The GE defendants argue in support of their Motion to Dismiss that plaintiffs received notice in the status reports during 1985 and 1986 of facts which should have alerted them to the alleged conduct of defendants on which the claims are based. For purposes of this motion, this court assumes that under the applicable limitations periods, all of the claims would indeed be time barred if the status reports from 1985 and 1986 triggered the running of the statutes. By contrast, if plaintiffs' counsel's investigation of August 1990 is used as the trigger, the claims are clearly not time barred. The only other arguable trigger for the statute of limitations might be the bankruptcy filing of the limited partnership, which occurred in 1989, well within the period for each of the claims.

a. Statute of limitations as grounds for dismissal.

Plaintiffs argue that a motion to dismiss is not the proper setting for resolution of statute of limitations issues. In most cases this is correct. In general, the issue of when a reasonable investor should have discovered a claim should be left to the trier of fact. *Briskin v. Ernst & Ernst*, 589 F.2d 1363 (9th Cir.1978). If the complaint is time barred on its face, however, a motion to dismiss may be appropriate. *Conerly v. Westinghouse Electric Corp.*, 623 F.2d 117, 119 (9th Cir.1980). Although plaintiff bears the burden of proving the suit was filed within the limitations period, *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 633 (N.D.Cal.1978), a complaint should not be dismissed unless it appears beyond doubt that plaintiff can prove no set of facts in support of their claim. *Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 101, 2 L.Ed.2d 80 (1957); *see also Jablon v. Dean Witter & Co.*, 614 F.2d 677 (9th Cir.1980). On this motion, therefore, the GE defendants must demonstrate as a matter of law that plaintiffs can prove no set of facts under which this suit was filed within the applicable limitations periods.

b. Determining date of discovery of claims.

The dispositive issue on the statute of limitations argument is whether plaintiffs' knowledge of adverse facts in 1985 and 1986 placed them on notice of the claims asserted in this law suit. Based on the

status reports they received during that period, plaintiffs were aware of facts showing that the projections in the prospectus and offering materials were not being met. The GE defendants argue that, as a matter of law, these facts placed plaintiffs at least on inquiry notice of their claims. Were this the case, the statutes of limitations for all of plaintiffs' claims, which range from two to four years, would have run prior to the filing of this suit.

■ Mere disclosure of adverse facts, however, does not place a party on notice of fraudulent conduct. *Mosesian v. Peat, Marwick, Mitchell & Co.*, 727 F.2d 873 (9th Cir.1984). In any investment situation, there are countless reasons why returns may not meet the offeror's projections, ranging from fraud to poor economic conditions. The reasoning in *Mosesian* means that investors need not race into court the moment things look bad, unless there are strong additional indications of where to place the blame. *Cf. Volk v. D.A. Davidson & Co.*, 816 F.2d 1406 (9th Cir.1987). This is sound policy, in that it does not require an unreasonable level of vigilance by investors, does not foster an atmosphere of suspicion between investors and offerors, and contributes to judicial economy.

■ *Mosesian's* applicability to this motion is further bolstered by plaintiffs' allegations that the disclosures of adverse facts were coupled with reassurances from defendants. In such a situation, a party's discovery of the underlying wrongs, which would trigger the statute of limitations, is an issue of fact. *See, e.g., Luksch v. Latham*, 675 F.Supp. 1198 (N.D.Cal.1987); *Washington v. Baenziger*, 673 F.Supp. 1478 (N.D.Cal.1987). It can not be said, from the face of the complaint, that plaintiffs will be unable to prove any set of facts demonstrating that they could not reasonably have discovered their claims from the 1985 and 1986 factual disclosures.

The GE defendants attempt to obfuscate this issue by casting it as a discussion of the tort of fraudulent concealment. On this motion, however, the focus on defendants' alleged acts of concealment is not whether those acts were tortious. Rather, the issue is how those acts influenced plaintiffs' ability to discover their causes of action.

c. Dismissal is not appropriate.

The GE defendants have not demonstrated as a matter of law that plaintiffs can prove no set of facts to show that they reasonably were not aware of their alleged causes of action in 1985 and 1986. Therefore, the complaint should not be dismissed for expiration of the statutes of limitations.

*2. Claim for Breach of Fiduciary Duty.*

■ The GE defendants also attack two of plaintiffs' claims on substantive grounds. The first is plaintiffs' sixth claim, for breach of fiduciary duty. In a securities fraud case, plaintiff must support a claim of breach of fiduciary duty with sufficient facts establishing a special relationship as to each defendant, and conduct by each defendant in breach of that relationship. *See Arndt v. Prudential Bache Securities, Inc.*, 603 F.Supp. 674 (S.D.Cal.1984). Defendants argue that the mere financing of a project, which was the GE defendants' formal role, is not sufficient grounds to support such a claim. *In re Rexplore, Inc. Securities Litigation*, 685 F.Supp. 1132 (N.D.Cal.1988).

■ Plaintiffs argue that the complaint demonstrates that the GE defendants played a far more active role than that of mere financial backers, and that this role gives rise to a fiduciary duty. For instance, plaintiffs point among other things to the fact that the GE defendants held an option to acquire a 50% equity interest, had the right to approve all leases, advised the partnership on further financing, and allegedly stood to benefit from a 1986 refinancing which GE defendants knew would not benefit the partnership. Plaintiffs also allege that the GE defendants had economic power over the Winthrop defendants which amounted to a principal agent relationship. These facts are far more extensive than those in *Arndt* and *Rexplore, supra.* They could indeed support allegations of the existence and breach of a fiduciary duty, *see,*

*e.g., Barrett v. Bank of America,* 183 Cal. App.3d 1362, 229 Cal.Rptr. 16 (1986), and are sufficient to withstand a motion to dismiss.

### 3. Claim for Interference with Prospective Business Interests.

■ The GE defendants also assert that plaintiffs' eighth claim should be dismissed as substantively deficient. Defendants argue that a party to a business relationship cannot as a matter of law interfere with that relationship, and that plaintiffs must show an advantageous relationship with a third party coupled with intentional acts by defendants aimed at destroying that relationship. The GE defendants correctly point out that the complaint is based solely on the GE defendants' participation in the project, and alleges no other business relationships of plaintiffs that were disrupted.

The GE defendants' position is generally correct. *See Manor Investment Co. v. F.W. Woolworth Co.,* 159 Cal.App.3d 586, 206 Cal.Rptr. 37 (1984). It may not apply, however, to cases where the defendant was a director, manager, or advisor to one of the parties to the relationship, and stood to benefit from the interference. *Shapoff v. Scull,* 222 Cal.App.3d 1457, 272 Cal.Rptr. 480 (1990); *Olivet v. Frischling,* 104 Cal. App.3d 831, 164 Cal.Rptr. 87 (1980). Assuming as true the allegations of the complaint for purposes of this motion, plaintiff can make out a case that the GE defendants played such an advisory role and stood to benefit from their alleged acts. Therefore, dismissal of the eighth claim is not appropriate.