**A.B. GAUVIN, Plaintiff,**

v.

**Leo TROMBATORE, Individually and in his capacity as Director of California State Department of Transportation; California Department of Transportation, a Governmental Entity; Burt Bachtold, Individually and in his capacity as Division Chief, District Four, California State Department of Transportation; Edmundo Lopez, Individually and in his capacity as Division Chief, Office of Civil Rights, California Department of Transportation, Construction Division; Case–Pomeroy, Jt. Venturers, State Contract No. 04–118714; Ghilotti Brothers, Inc., a California Corporation, Individually as Prime Contractor for State Contract No. 04–118764; Ghilotti Brothers–MCM, Joint Venturers, State Contract No. 04–108744; Fickes Trucking; Sherman Trucking; C.C. Meyers Company, Prime Contractor, State Contracts Nos. 04–108734 and 04–118984; Paki Trucking; Robertson Trucking Service, Inc., a California Corp.; Bay Cities Paving and Grading, Prime Contractor, State Contract No. 04–118754 and Paki Trucking, Defendants.**

**No. C–87–4689 SAW.**

United States District Court, N.D. California.

March 25, 1988.

Jacqueline Coulter Peebles, Richmond, Cal., for plaintiff.

Nicholas Tinling, Legal Div., Dept. of Transp., Sacramento, Cal., Nina Brooks, Thelen, Marrin, Johnson & Bridges, San Francisco, Cal., Ingo Brauer, San Jose, Cal., Steven Jacobs, Jacobs & Jacobs, San Leandro, Cal., Larry Gallegos, Robertson Trucking Services, Union City, Cal., Robert Lieber, Littler, Mendelson, Fastiff & Tichy, San Francisco, Cal., Carol Sharples, Nageley, O'Hara & Meredith, Sacramento, Cal., Michael London, McInerney & Dillon, Oakland, Cal., Ronald Rubenstein, Richmond, Cal., and James Leonard Crew, Hayward, Cal., for defendants.

## MEMORANDUM AND ORDER

WEIGEL, District Judge.

### I. *Background*

This action relates to the award of subcontracting work on the John T. Knox Freeway, which will connect the Richmond–San Rafael Bridge with Interstate 80 in Contra Costa County. Plaintiff, a black American, owns a trucking business in Richmond, California. He sues defendant California Department of Transportation (CalTrans), three of its employees, and nine private defendants for alleged discrimination against business enterprises owned by blacks, including his own. He claims that these unnamed enterprises are all Disadvantaged Business Enterprises (DBEs) under the federal DBE program.[1] The gravamen of plaintiff's complaint is that black-owned DBEs have received less than their fair share of work on the Knox Freeway. The private defendants are the prime contractors and trucking subcontractors on the project.

---

1. The DBE program, authorized by the Surface Transportation Assistance Act of 1982, Public Law 97–424, provides that at least 10 percent of federal highway assistance funds are to be expended for small business concerns owned and controlled by socially and economically disadvantaged individuals. *See* 49 C.F.R. part 23, subpart D (1987). State departments of transportation are required to establish a statewide goal for attainment of DBE participation and submit that goal to the U.S. Department of Transportation. 49 C.F.R. § 23.64. Individual contract goals are also established by the department which contractors must meet or establish good faith efforts at compliance. *Id.* at § 23.45(g)(2)(ii).

With the enactment of the Surface Transportation and Uniform Relocation Assistance Act of 1987, the DBE program was combined with the Women Business Enterprise (WBE) program, and a single aggregate goal established for both. *See* 52 Fed.Reg. 39225 (October 21, 1987).

Plaintiff's trucking company has been certified by the California Department of Transportation as a DBE. Plaintiff alleges that he made inquiry to representatives of CalTrans and of defendant prime and subcontractors as to how he could obtain work on the Knox Freeway project, but that he was given only limited opportunities to participate. Plaintiff claims he has been passed over by defendants and has suffered $200,000 in lost subcontracting business. Seeking monetary, declaratory, and injunctive relief, he claims violations of the federal civil rights acts, the U.S. Constitution, federal transportation assistance statutes, and California's Unruh Act.

Plaintiff's motion for a preliminary injunction was denied on February 26, 1988. Defendants move to dismiss the complaint for failure to state a claim or, alternatively, for summary judgment. Since the Court finds that most of plaintiff's causes of action fail to state a claim upon which relief can be granted, the motions for summary judgment need not be reached.

## II. *Standards for Rule 12(b)(6) Dismissal*

A motion under Federal Rule of Civil Procedure 12(b)(6) tests the formal sufficiency of the claim for relief. *Fednav Ltd. v. Sterling International,* 572 F.Supp. 1268, 1270 (N.D.Cal.1983). The Court's inquiry is whether the allegations state a sufficient claim under Fed.R.Civ.P. 8(a), which calls for a "short and plain statement of the claim showing that the pleader is entitled to relief." The complaint is to be liberally construed in favor of the plaintiff, and its material allegations taken as true. *Fednav,* 572 F.Supp. at 1270.

The Court now applies this standard to plaintiff's complaint.

## III. *Plaintiff's Causes of Action*

A. First Cause—42 U.S.C. §§ 1981 and 1983.

Plaintiff's first cause of action charges state defendants CalTrans, Trombatore and Bachtold with violation of the Civil Rights Acts of 1870 and 1871, 42 U.S.C. §§ 1981 & 1983. Further, plaintiff incorporates paragraph 46 of the complaint into all causes of action. Paragraph 46 alleges that the conduct of each of the defendants deprived plaintiff of the opportunity "to secure meaningful and gainful employment" on the Knox Freeway. Therefore, the first cause can be read to allege violation of the civil rights acts against the private defendants as well.

At the outset, it is manifest that the Eleventh Amendment to the United States Constitution bars certain claims against the state defendants. First, the Amendment bars a suit against a state and its agencies unless the state has consented to filing of the suit. *Shaw v. Cal. Dept. of Alcoholic Beverage Control,* 788 F.2d 600, 603–04 (9th Cir.1986). An action for money damages against a state official is considered a suit against the state and is barred by the Eleventh Amendment, if "the state is the real, substantial party in interest" or if the judgment is sought against the public treasury. *Id.* at 604. However, the Eleventh Amendment does not bar actions against state officers in their official capacities for injunctive or declaratory relief, or as individuals for monetary damages. *Id.; Jackson v. Hayakawa,* 682 F.2d 1344, 1350 (9th Cir.1982).

Applying these standards here, defendant California Department of Transportation must be dismissed with prejudice as to all causes of action since it has not consented to suit. To the extent plaintiff's claims for damages are against Trombatore, Bachtold, and Lopez in their official capacities, these claims are also barred by the Eleventh Amendment and must be dismissed with prejudice. Plaintiff may, however, seek injunctive relief against Trombatore, Bachtold, and Lopez in their official capacities, and seek monetary damages against Bachtold and Lopez for their liability as individuals.[2]

---

2. Although the caption to plaintiff's First Amended Complaint lists defendant Trombatore as sued in both his official and individual capac- ities, in the body of the complaint he is sued only in his official capacity. First Amended Complaint at ¶ 5.

Next, to maintain a cause of action under Sections 1981 and 1983, plaintiff must plead that (1) he has been deprived of a right, privilege or immunity secured by the Constitution, treaty or laws of the United States; (2) that defendants subjected plaintiff to this deprivation, or caused him to be so subjected; and (3) that defendants acted under color of state law.[3] *Marshall v. Sawyer*, 301 F.2d 639 (9th Cir.1962). Pleadings in Section 1983 actions are to be liberally construed to state a claim for relief. *See Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 595, 30 L.Ed.2d 652 (1972).

■ With the exception of state defendants Trombatore and Bachtold, plaintiff has failed to state a claim under Sections 1981 and 1983. Plaintiff has not stated with any specificity how each private defendant allegedly deprived him of a right secured by the Constitution or laws of the United States. Instead, all defendants are lumped together in a single, broad allegation. First Amended Complaint at ¶ 46. Plaintiff must allege the basis of his claim against each defendant to satisfy Federal Rule of Civil Procedure 8(a)(2), which requires a short and plain statement of the claim to put defendants on sufficient notice of the allegations against them.

Moreover, plaintiff has failed to allege that the private defendants acted under color of state law. The relationship between the state and the private actor which establishes state action must be pled in some detail. *Glaros v. Perse*, 628 F.2d 679, 684–85 (1st Cir.1980). Accordingly, the first cause of action against the private defendants must be dismissed, with leave to amend to state a claim under Sections 1981 and 1983.

**B. Second Cause—42 U.S.C. § 1985(3).**

■ Plaintiff attempts to allege a violation of 42 U.S.C. § 1985(3) by defendants CalTrans, Trombatore, and Bachtold, and, by the incorporation of paragraph 46, all other defendants. Complaint at ¶¶ 55–56.

However, there is no violation of the statute as to plaintiff unless there has been a conspiracy to deprive him of equal protection of the laws or of equal privileges and immunities under the laws. *Gillespie v. Civiletti*, 629 F.2d 637, 641 (9th Cir.1980). Pleading the conspiracy requires at least some specific facts. Unsupported and conclusory allegations are insufficient to state a cause of action under this section. *Hoffman v. Halden*, 268 F.2d 280, 294 (9th Cir.1959).

Accordingly, the second cause of action will be dismissed as against all defendants, with leave to amend.

**C. Third Cause—Fourteenth Amendment.**

■ Plaintiff alleges a violation of the Fourteenth Amendment by defendants CalTrans, Trombatore, Bachtold, and Lopez, and, by the incorporation of paragraph 46, the private defendants. First Amended Complaint at ¶¶ 58, 60. However, since the defendants he wishes to hold liable are all amenable to suit under 42 U.S.C. § 1983, plaintiff may not also sue under the Fourteenth Amendment. *Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981). A constitutionally-based suit may not proceed against state defendants, or private defendants acting under color of state law, where the plaintiff has a statutory remedy under Section 1983. *Id.* at 1148. This is true even though Section 1983 claims may be barred against some defendants by the Eleventh Amendment. *Id.* Accordingly, the third cause of action will be dismissed with prejudice as to all defendants.

**D. Fourth, Fifth and Eighth Causes— Federal Transportation Acts.**

In these three causes of action, plaintiff alleges violations of the Surface Transportation Act of 1982, the Surface Transportation and Uniform Relocation Act of 1987, and the federal regulations which govern the DBE program. *See* 49 C.F.R. Part 23. However, none of plaintiff's allegations re-

---

**3.** While statutes are directed at intentional discrimination, there is no requirement that the plaintiff plead intent to state a claim for relief under Sections 1981 and 1983. *See Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 1923, 64 L.Ed.2d 572 (1980).

garding the administration of these programs states a claim for relief under the statutes.

■ First, the fourth and eighth causes of action allege that black-owned DBEs, including that owned by plaintiff, were given an insufficient amount of subcontracting work on the Knox Freeway. This charge is the core of plaintiff's entire complaint. However, the DBE program does not provide for specific quotas or goals for participation by each identifiable group of socially or economically disadvantaged individuals. 49 C.F.R. § 23.61, 62. Rather, the statute establishes an overall goal of DBE participation of ten percent for all groups, including black Americans, Hispanics, Native Americans, and Asian Americans. *Id.*[4]

Plaintiff therefore has no cause of action under the statute for alleged discrimination against black-owned DBEs. This does not means that he is without any remedy. He can, and indeed has, asserted a claim of racial discrimination under the federal civil rights acts, and can litigate his allegations of discrimination against black-owned DBEs in those claims.

■ Plaintiff's fifth cause of action alleges that CalTrans has awarded contracts on the Knox Freeway with less than the mandatory ten percent DBE participation. But the statute does not require that each individual contract meet the ten percent goal. Rather, the state is authorized to set DBE goals that are practical and related to the availability of DBEs in desired areas of expertise for a particular project. 49 C.F.R. § 23.45(g)(1). Only the overall, statewide goals are required to be submitted to the U.S. Department of Transportation for approval. *Id.* at § 23.45(g)(3)(i); § 23.64(c) Moreover, an administrative complaint can be filed with the U.S. Department of Transportation on any charge that CalTrans has abused its discretion in

setting individual contract goals. 49 C.F.R. Part § 23.73 *et seq.* Consequently, no private right of action exists for violation of the statute on these grounds.

■ Finally, plaintiff asserts that Cal-Trans has certified and permitted "sham" DBEs, i.e., those that are not truly owned and operated by socially and economically disadvantaged individuals, to participate in the Knox Freeway. The regulations, however, provide for detailed administrative remedies for such allegations, including appeal to the Secretary of the U.S. Department of Transportation. *Id.* at § 23.69. Plaintiff has not availed himself of this procedure, and there is no indication in the statute that Congress intended to provide a private right to institute a civil action challenging certification of DBEs. Accordingly, plaintiff cannot state a claim on this basis either.

Plaintiff's fourth, fifth, and eighth causes of action therefore will be dismissed with prejudice.

### E. Sixth Cause—Commerce Clause.

■ Plaintiff seeks to recover against all defendants for violation of plaintiff's alleged rights under the Commerce Clause "to be free from discriminatory conduct relative to any aspect involving interstate commerce and travel." First Amended Complaint at ¶ 75. However, the Court has no jurisdiction to grant private relief under the Commerce Clause. *Ve–Ri–Tas v. Advertising R.C. of Metro. Denver,* 411 F.Supp. 1012, 1019 (D.Colo.1976); *aff'd* 567 F.2d 963 (10th Cir.1977); *cert. denied* 436 U.S. 906, 98 S.Ct. 2238, 56 L.Ed.2d 404 (1978). The Commerce Clause is a limitation upon the power of the state, and does not create any implied cause of action for violation of individual rights. *Id.; see also Consol. Freightways Corp. of Del. v. Kassel,* 730 F.2d 1139, 1144–45 (8th Cir.1984). Plaintiff's sixth cause of action is therefore

---

**4.** The fact that the City of Richmond is 52 percent black has no legal relevance to this case. As the DBE goal does not specify figures for each identifiable racial group, but is an aggregate for all groups, CalTrans is not required to take into account local ethnic composition in setting individual contract goals. Moreover, the ethnic makeup of the pool of available contractors, not the city's overall ethnic makeup, would be the relevant factor, among others, in determining the validity of any charge of discrimination in subcontracting to a particular ethnic group. *See Assoc. Gen. Contr. of Cal. v. City & County of S.F.,* 813 F.2d 922, 934 (9th Cir.1987).

dismissed with prejudice as to all defendants.

### F. Seventh Cause—Unruh Act.

 Plaintiff seeks to recover against all defendants for alleged employment discrimination in violation of California's Unruh Act, California Civil Code § 51 et seq. First Amended Complaint at ¶¶ 77–78. However, the Unruh Act does not apply to the employment relationship. *Alcorn v. Anbro Engineering, Inc.*, 2 Cal.3d 493, 500, 86 Cal.Rptr. 88, 468 P.2d 216 (1970). Discrimination in employment is covered by different state statutory provisions (now the Fair Employment and Housing Act, California Government Code § 12960). *Id.* This is true in the instant case regardless of whether the relationship between the parties is characterized as employer-employee or contractor-subcontractor. The Unruh Act only applies to business establishments in the context of the supply of services or facilities to clients, patrons, or customers. *Id.* Plaintiff's seventh cause will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted.

Accordingly,

IT IS HEREBY ORDERED that:

(1) defendant California Department of Transportation is dismissed with prejudice as to all causes of action;

(2) plaintiff's claims for monetary damages against defendants Trombatore, Bachtold, and Lopez in their official capacities are dismissed with prejudice;

(3) the first cause of action is dismissed, with thirty days leave to amend, as against all defendants except Trombatore and Bachtold.

(4) the second cause of action is dismissed, with thirty days leave to amend, as against all defendants;

(5) the third, fourth, fifth, sixth, seventh and eighth causes of action are dismissed with prejudice against all defendants.