**Russel L. MORAN, Plaintiff,**

v.

**PERALTA COMMUNITY COLLEGE DISTRICT, et al., Defendants.**

No. 92–4313.

United States District Court,
N.D. California.

Jan. 22, 1993.

Laura Pyles, Oakland, CA, for plaintiff.

Ember Shinn, Christian Fierro, Crosby, Heafey, Roach & May, Patricia Keane, Blue Cross, Oakland, CA, for defendants.

## ORDER GRANTING PARTIAL JUDGMENT ON THE PLEADINGS (F.R.C.P. 12(c))

CONTI, District Judge.

## I. INTRODUCTION

Defendants Peralta Community College District (the "District") and various named employees and board members of the District (collectively, the "moving defendants") seek partial judgment on the pleadings,[1] as regards all claims against them. Plaintiff Russel L. Moran ("Moran") opposes the moving defendants' motion as regards the eleventh and twelfth causes of action, and seeks leave to amend his complaint.

## II. APPLICABLE STANDARD FOR JUDGMENT ON THE PLEADINGS

Fed.R.Civ.P. 12(c) provides as follows:

After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the

pleadings. If, on a motion for judgment on the pleadings, matter outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

■■■ Although Rule 12(c) does not expressly authorize "partial" judgments, neither does it bar them, and it is common practice to apply Rule 12(c) to individual causes of action. Courts have discretion to grant leave to amend in conjunction with 12(c) motions, and may dismiss causes of action rather than grant judgment. *Amersbach v. City of Cleveland*, 598 F.2d 1033, 1038 (6th Cir.1979). Although Rule 12(c) differs in some particulars from Rule 12(b)(6),[2] the standard applied is virtually identical. *Miller v. Indiana Hosp.*, 562 F.Supp. 1259, 1266 (D.C.Pa.1983).

The Ninth Circuit has reviewed the standard for a motion to dismiss for failure to state a claim on which relief can be granted:

... a complaint should not be dismissed under Fed.R.Civ.P. 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46 [78 S.Ct. 99, 101–02, 2 L.Ed.2d 80] (1957).

A complaint may be dismissed as a matter of law for two reasons: (1) lack of a cognizable legal theory or (2) insufficient facts under a cognizable theory. 2A J. Moore, *Moore's Federal Practice* ¶ 12.08 at 2271 (2d ed. 1982).

*Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir.1984). In determining a motion to dismiss, "all the allegations of material fact are taken as true and construed in the light most favorable to the non-moving party." Moreover, "to dismiss, it must appear to a certainty that the plaintiff

---

1. The motion is styled as one for summary judgment. As the issues can be decided without looking beyond the pleadings, however, the court treats the motion as one for judgment on the pleadings, pursuant to Fed.R.Civ.P. 12(c).

2. The motions are appropriate at different times, and plaintiffs as well as defendants may bring 12(c) motions.

would not be entitled to relief under any set of facts that could be proved." *Wool v. Tandem Computers Inc.*, 818 F.2d 1433, 1439 (9th Cir.1987). In light of this standard, the facts of this case, construed in the light most favorable to the non-moving party, are set forth below.

## III. FACTS

Plaintiff is the widower of Vincenta Moran. Mrs. Moran was at the time of her death an employee of the District. Upon her death, the District, in accordance with the Comprehensive Omnibus Budget Reconciliation Act of 1986 ("COBRA") amendments to the Public Health Service Act ("PHSA"), informed Moran of his right to continue insurance coverage under the District's group insurance plan (the "Plan") for a period of 36 months. Moran elected to continue coverage with Blue Cross. Between December, 1989 and July, 1991, Moran submitted insurance premiums to the District totalling some $4,161.32.

In July of 1991, Moran submitted a claim for payment for medical treatment, only to discover that he was not in fact covered. The District does not dispute that it failed to enroll Moran in the Plan.

The District subsequently offered to reimburse Moran first for his premiums paid, and later for his medical expenses incurred. The District states that the second offer is still open. Moran filed suit in state court, alleging the following causes of action against the District:

1. Breach of Contract (1st cause of action)
2. "Specific Performance" (2nd)
3. Fraud (6th)
4. Negligent Misrepresentation (7th)
5. Intentional Infliction of Emotional Distress (8th)
6. Negligent Infliction of Emotional Distress (9th)
7. Intentional Interference with Economic Advantage (10th)
8. Civil Rights Violations, Unruh Act (11th)
9. Conspiracy (12th)
10. Negligence (13th)

The third, fourth, and fifth causes of action named only Blue Cross, which has not been served, and are not before the court.

The District subsequently removed the case to this court, and filed an answer.

## III. DISCUSSION

### A. *Timeliness of Rule 12(c) Motion*

■■ As noted above, the court deems this motion to be one under Rule 12(c), as it is based entirely on the pleadings. As a threshold matter, the court notes that Fed. R.Civ.P. 12(c) motions may not be brought until the pleadings are closed. Ordinarily, this means that a Rule 12(c) motion must await the answers of all defendants. *Stands Over Bull v. Bureau of Indian Affairs*, 442 F.Supp. 360, 367 (D.Mont.1977). In this case, however, defendant Blue Cross has not been served; accordingly, the pleadings may be treated as closed for purposes of this motion; as Blue Cross is not yet a party, the disposition of this motion can have no effect on them. A contrary reading of Rule 12(c) would mean that a plaintiff could forever preclude a 12(c) motion simply by naming and then not serving an additional defendant.

### B. *Causes of Action One, Two, Six Through Ten, and Thirteen*

■■ The District seeks judgment on the pleadings on the first, second, sixth through tenth, and thirteenth causes of action on the ground that, as all of those causes are directly related to the administration of employee health benefits, they are preempted by the PHSA. Although caselaw on COBRA preemption has to date focused on private employees under the Employee Retirement Income Security Act of 1974 ("ERISA"),[3] COBRA amended both PHSA and ERISA to extend virtually identical protections to both public and private employees. As such, the principles under which ERISA has been found to preempt state law apply with equal force to the PHSA. Moran, in his opposition,

---

**3.** *See, e.g., Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 52, 107 S.Ct. 1549, 1555, 95 L.Ed.2d 39 (1987); *Tingey v. Pixley–Richard West, Inc.*, 953 F.2d 1124, 1132–34 (9th Cir.1992).

concedes this point, and does not oppose judgment on those causes of action. Accordingly, judgment for the District is granted on causes of action one, two, six, seven, eight, nine, ten, and thirteen.

### C. *Motion for Leave to Amend*

 Although Moran does not oppose judgment on these causes of action, he seeks leave to amend his pleadings to state a cause of action under the PHSA. As this case was removed here based upon the District's representation that the complaint is more properly styled as one under the PHSA, and as we find that the PHSA preempts the state causes, leave is granted to amend the complaint accordingly. The District clearly was aware that a PHSA cause of action was being alleged; thus no prejudice results from amendment, and the motion is granted.

### D. *Causes of Action Eleven and Twelve*

The District also seeks judgment on the eleventh (Unruh Act) and twelfth (conspiracy to violate the Unruh Act) causes of action, claiming that the Unruh Act expressly does not apply to employment discrimination suits. The gravamen of Moran's claim is that the District's decision to deny him insurance coverage was motivated by racial animus towards mixed marriages. Moran is caucasian, and his wife was of Asian descent.

In support of their argument, the District cites *Rojo v. Kliger,* 52 Cal.3d 65, 77, 276 Cal.Rptr. 130, 801 P.2d 373 (1990). That case involved a suit by two women alleging sexual harassment, brought under the Fair Employment and Housing Act ("FEHA"). The court, in discussing the preemptive scope of the FEHA, stated without analysis that "the Unruh Civil Rights Act has no application to employment discrimination." In support, that court in turn cited two cases: *Alcorn v. Ambro Engineering, Inc.,* 2 Cal.3d 493, 500, 86 Cal.Rptr. 88, 468 P.2d 216 (1970), and *Isbister v. Boys' Club of Santa Cruz, Inc.,* 40 Cal.3d 72, 83, fn. 12, 219 Cal.Rptr. 150, 707 P.2d 212 (1985). Those cases make clear that "there is no indication that the Legislature intended to broaden the scope of [the Unruh Act] to include discriminations other than those made by a 'business estab-lishment' *in the course of furnishing goods, services or facilities to its clients, patrons or customers.*" *Alcorn,* 2 Cal.3d at 500, 86 Cal.Rptr. 88, 468 P.2d 216 (emphasis added). *See also, Gauvin v. Trombatore,* 682 F.Supp. 1067, 1073 (N.D.Cal.1988) ("The Unruh Act only applies to business establishments *in the context of the supply of services or facilities to clients, patrons, or customers.*") (emphasis added).

 Moran, for his part, is similarly brief in his treatment of this issue, arguing that, unlike in *Rojo,* he was not himself an employee, and that the District is in fact a business establishment under the expansive reading of *Burks v. Poppy Constr. Co.,* 57 Cal.2d 463, 468–69, 20 Cal.Rptr. 609, 370 P.2d 313 (1962). Regardless of whether the District is in fact a business establishment, however, the discrimination alleged simply was not "in the course of furnishing goods, services, or facilities to its clients, patrons, or customers." Moran was not a customer; his only relationship with the District was as the spouse of an employee, and the obligations to him arose squarely from the employer-employee relationship between his wife and the District. As such, his claim is outside the ambit of the Unruh Act, and fails to state a claim thereunder. A fortiori, the dependent claim that the District and others conspired to violate the Unruh Act also fails. Accordingly, judgment on the pleadings in favor of the moving defendants as to the eleventh and twelfth causes of action is also granted.

## IV. CONCLUSION

In accordance with the foregoing, it is hereby ORDERED that:

1. Moving defendants' motion for judgment on the pleadings as regards causes of action one, two, and six through thirteen be, and hereby is, GRANTED; and

2. Moran's motion for leave to amend his complaint be, and hereby is, GRANTED.

IT IS SO ORDERED.