FILED

NOT FOR PUBLICATION

MAY 30 2013

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. SC-11-1541-JuBaPa |
| ANDREW RALPH BELLO, SR., | Bk. No. 10-16981 |
| Debtor. | Adv. No. 10-90528 |
| ANDREW RALPH BELLO, SR., | |
| Appellant, | |
| v. | **M E M O R A N D U M**[*] |
| CHASE HOME FINANCE LLC, | |
| Appellee. | |

Argued and Submitted on May 15, 2013
at Pasadena, California

Filed - May 30, 2013

Appeal from the United States Bankruptcy Court
for the Southern District of California

Honorable Peter W. Bowie, Bankruptcy Judge, Presiding

_____

Appearances:    Ruben F. Arizmendi, Esq., Arizmendi Law Firm, argued for Appellant Andrew Ralph Bello, Sr.; Sung-Min Christopher Yoo, Esq., Adorno Yoss Alvarado & Smith, argued for Appellee JP Morgan Chase Bank, N.A., as Successor by Merger to Chase Home Finance LLC.

_____

Before:   JURY, BASON[**] and PAPPAS, Bankruptcy Judges.

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[**] Hon. Neil W. Bason, United States Bankruptcy Judge for the Central District of California, sitting by designation.

-1-

Chapter 13[1] debtor, Andrew Ralph Bello, Sr., filed a second amended complaint (SAC) against Ameriquest Home Finance (Ameriquest), Town and Country Title Services, Inc. (TCTSI), JP Morgan Chase Specialty Mortgage, L.L.C. (JPMC) and Mortgage Electronic Registrations System, Inc. (MERS) (collectively, Defendants). Debtor sought declaratory relief and asserted claims for Failure to Perfect Deed of Trust, Unfair and Deceptive Acts and Practices, Violations of the Bankruptcy Code (§§ 362(a) and 105(a)), and Invalid Lien on Property. Defendant, JPMC, as successor by merger to Chase Home Finance LLC (Chase), filed a motion to dismiss the SAC under Civil Rule 12(b)(6), which the bankruptcy court granted with prejudice by order entered on November 30, 2011.[2] Debtor appeals from that order. We AFFIRM.

## I. FACTS

**A. Prepetition Events**

In August 2004, debtor obtained a residential mortgage loan from Ameriquest. The loan was secured by a deed of trust (DOT) encumbering real property located on Rancho Bernardo Road in San Diego, California. The DOT, recorded in September 2004 in San Diego County, identified Ameriquest as the lender and beneficiary, TCTSI as the trustee, and debtor as the borrower.

---

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532. "Rule" references are to the Federal Rules of Bankruptcy Procedure and "Civil Rule" references are to the Federal Rules of Civil Procedure.

[2] JPMC, as successor by merger to Chase, is the only defendant participating in this appeal.

On January 8, 2009, an assignment (Assignment) was recorded showing that MERS was assigned all beneficial interest under the DOT.

Debtor defaulted on the loan. On February 23, 2009, a notice of default and election to sell was recorded.

On March 18, 2009, JPMC executed a substitution of trustee, naming NDEX West, LLC (NDEX) as trustee under the DOT.

On March 19, 2009, MERS assigned JPMC all beneficial interest under the DOT (Second Assignment).

On March 30, 2009, the substitution of trustee and Second Assignment were recorded.

On January 5, 2010, a notice of trustee's sale in connection with the DOT was recorded.

**B.    Bankruptcy Events**

On September 24, 2010, debtor filed his chapter 13 petition.

On October 25, 2010, Chase, as Servicing Agent to JPMC, filed a proof of claim asserting a secured claim in the amount of $322,583.83 based on the amount loaned to debtor by Ameriquest. Debtor did not object to the proof of claim.

**The Adversary Complaint**

On November 1, 2010, debtor commenced the adversary proceeding out of which this appeal arises.[3] On December 27, 2010, JPMC filed a motion to dismiss under Civil Rule 12(b)(6)

---

[3] We take judicial notice of the complaint and other pleadings docketed and imaged in Bankr. Adv. No. 10-90528. Atwood v. Chase Manhattan Mortg. Co. (In re Atwood), 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

which the bankruptcy court granted without prejudice.

On February 28, 2011, debtor filed a first amended complaint (FAC). The FAC asserted five claims for relief: (1) Declaratory Relief; (2) Dischargeability on the Basis of Fraud; (3) Invalid Lien on Property; (4) Securitization of Lien; and (5) Fraud under Securities Exchange Act. On March 31, 2011, JPMC moved to dismiss the FAC under Civil Rule 12(b)(6) which the bankruptcy court granted without prejudice.

On June 7, 2011, debtor filed the SAC which is at issue in this appeal. The SAC attached as exhibits the substitution of trustee and the Second Assignment which were recorded on March 30, 2009. Debtor generally alleged that the substitution of trustee dated March 18, 2009, and recorded on March 30, 2009, was defective. According to debtor, JPMC, as alleged beneficiary under the DOT, was not authorized to substitute NDEX as the new trustee on March 18, 2009, because the assignment of the DOT, whereby MERS assigned to JPMC its beneficial interest under the DOT, was not signed before a notary public until the next day, March 19, 2009. This defective transfer, debtor alleged, "reflects in part the deceptive practices that Defendants have engaged in with many other borrowers at a national level."

Debtor asserted five claims for relief in the SAC: (1) Declaratory Relief; (2) Failure to Perfect Deed of Trust; (3) Unfair and Deceptive Acts and Practices; (4) Violations of the Bankruptcy Code (§§ 362(a) and 105(a)); and (5) Invalid Lien on Property. The second, third, and fourth claims for relief were new to the adversary; they were not alleged in the FAC.

-4-

On June 24, 2011, JPMC filed a motion to dismiss the SAC under Civil Rule 12(b)(6). In connection with its motion, JPMC requested that the bankruptcy court take judicial notice of the following: (1) the DOT recorded on September 1, 2004; (2) the Assignment recorded on January 8, 2009; (3) the notice of default recorded on February 23, 2009; (4) the Second Assignment recorded on March 30, 2009; (5) the substitution of trustee recorded on March 30, 2009; and (6) the notice of trustee's sale recorded on January 5, 2010.

On August 8, 2011, the bankruptcy court heard the matter and orally dismissed the SAC with prejudice.

On September 27, 2011, debtor filed his notice of appeal.

On November 30, 2011, the bankruptcy court entered the order dismissing the SAC with prejudice.[4]

## II.  JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(K). We have jurisdiction under 28 U.S.C. § 158.

## III.  ISSUE

Whether the bankruptcy court erred in dismissing the SAC with prejudice under Civil Rule 12(b)(6).

## IV.  STANDARD OF REVIEW

We review de novo the bankruptcy court's grant of a motion to dismiss under Civil Rule 12(b)(6). Movsesian v. Victoria Versicherung AG, 629 F.3d 901, 905 (9th Cir. 2010). We may affirm the bankruptcy court's dismissal of a complaint "'only if

---

[4] Debtor's case has since been dismissed.

-5-

it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" Cooke, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc., 911 F.2d 242, 244 (9th Cir. 1990).

## V. DISCUSSION

### A. General Pleading Standards

Generally, a plaintiff's burden at the pleading stage is relatively light. Civil Rule 8(a)(2), made applicable to adversary proceedings by Rule 7008, requires only that the complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." In turn, this means that the complaint must include "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991). When a plaintiff asserts multiple claims against multiple defendants, this fair notice standard requires that the allegations in the complaint must show which defendants are liable to the plaintiff for which wrongs. See Gauvin v. Trombatore, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) (plaintiff must allege the basis of his claim against each defendant to satisfy [Civil Rule] 8(a)(2)).

Allegations regarding fraud are subject to a heightened pleading standard. Civil Rule 9(b), made applicable to adversary proceedings by Rule 7009, requires that a plaintiff must state "with particularity the circumstances constituting fraud . . . ." The Ninth Circuit has provided guidance for the "with particularity" requirement by stating that to comport with Civil Rule 9(b) the complaint must (1) specify the averred fraudulent representations; (2) aver the representations were

-6-

false when made; (3) identify the speaker; (4) state when and where the statements were made; and (5) state the manner in which the representations were false and misleading. <u>Lancaster Cmty. Hosp. v. Antelope Valley Hosp. Dist.</u>, 940 F.2d 397, 405 (9th Cir. 1991). Because fraud encompasses a wide variety of circumstances, the requirements of Civil Rule 9(b) — like Civil Rule 8(a)(2) — should provide all defendants with sufficient information to formulate a response. Therefore, the complaint cannot lump multiple defendants together but must "inform each defendant separately of the allegations surrounding [its] alleged participation in the fraud." <u>Swartz v. KPMB LLP</u>, 476 F.3d 756, 764-65 (9th Cir. 2007).

**B. Standards for Dismissal Under Civil Rule 12(b)(6)**

The rules which set forth the pleading standards under Civil Rules 8(a)(2) and 9(b) overlie the standards for deciding motions to dismiss a complaint under Civil Rule 12(b)(6). When ruling on a motion to dismiss under Civil Rule 12(b)(6), we are instructed first to separate the factual and legal elements of a claim. In examining the factual elements of a claim, "we accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." <u>Movsesian</u>, 629 F.3d at 905 (quoting <u>Knievel v. ESPN</u>, 393 F.3d 1068, 1072 (9th Cir. 2005)(quotation marks omitted)).

We then must determine whether the facts alleged are sufficient to show that the plaintiff has a plausible claim for relief. <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949 (2009)(quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

While a complaint attacked by a Rule 12(b)(6) motion

to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level . . . .

Twombly, 550 U.S. at 555. Determining whether a complaint states a plausible claim for relief will "be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950. In the end, the determinative question is whether there is any set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002); Cooke, Perkiss & Liehe, 911 F.2d at 244. We will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters, 459 U.S. 519, 526 (1983).

With respect to the legal elements of a claim, our mandate is different. We are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

We now examine the SAC with the foregoing standards in mind.

**C.    Motion to Dismiss:  The Merits**

At oral argument before us debtors' counsel made reference to claims asserted in debtors' original complaint and the FAC which alleged facts pertaining to "robo-signing." However,

-8-

debtor amended the complaint by deleting those facts in his SAC. The complaint which is the subject of this appeal is the SAC.

Most of debtor's claims in the SAC arise out of the alleged invalid substitution of trustee. As noted by the bankruptcy court, the fact that the assignment of the DOT to JPMC was executed one day after JPMC executed the substitution of the trustee did not affect the transfer "at that particular time." Hr'g Tr. 8/11/11 at 11. Rather, the substitution of the trustee was effective when JPMC became the beneficiary under the DOT and both the substitution and Second Assignment were recorded on March 30, 2009. "From the time the substitution is filed for record, the new trustee shall succeed to all the powers, duties, authority, and title granted and delegated to the trustee named in the deed of trust." Cal. Civ. Code § 2934a(a)(4). Accordingly, contrary to debtor's assertion, the substitution of trustee was valid.

### Failure to Perfect Deed of Trust

Under this claim for relief, debtor alleged that none of the Defendants held a perfected and secured claim against his property. Because this claim arises out of the alleged invalid substitution of trustee, it fails as a matter of law.

In addition, debtor failed to show any improprieties in the chain of title. The facts appearing on the face of the documents submitted by JPMC in conjunction with its motion to dismiss[5] directly contradict debtor's legal conclusion that

---

[5] In deciding a motion to dismiss, the trial court may take judicial notice of matters of public record. United States v.
(continued...)

-9-

"none of Defendants hold[s] a perfected and secured claim on debtor's property." The documents show that JPMC was the assignee of the beneficial interest of the trust deed and that assignment was duly recorded. Therefore, JPMC had a secured claim against debtor's property.

For these reasons, there is no set of "facts that could be proved consistent with the allegations of the complaint" that would entitle plaintiff to some relief. Swierkiewicz, 534 U.S. at 514. The bankruptcy court therefore properly dismissed this claim.

### Unfair Deceptive Acts and Practices

Under this claim for relief, debtor alleged that Defendants' acts constituted an unlawful business act or practice within the meaning of the Consumer Legal Remedies Act (CLRA) contained in Cal. Civil Code § 1750 et seq.

On appeal, debtor argues that by providing false documentation to the bankruptcy court regarding the defective appointment of NDEX as trustee under the DOT, the actions of Chase constitute an unlawful business act or practice within the meaning of the CLRA. Debtor further contends that because he is the victim of Chase's fraudulent conduct, the CLRA should be found applicable in this case.

Debtor's allegations against Defendants under this claim are general and conclusory. Cal. Civil Code § 1770(a) states: "The following unfair methods of competition and unfair or

[5](...continued)
Corinthian Colleges, 655 F.3d 984, 998-999 (9th Cir. 2011).

-10-

deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services are unlawful: . . . ." The section then lists twenty-five categories of unfair methods of competition and unfair or deceptive acts or practices. Debtor does not allege facts that fall within any of those categories in support of his claim against Defendants nor does he cite even one of the categories by number. Consequently, there is no factual basis for his claim under the CLRA against each named defendant in violation of Rules 8(a)(2) and 9(b). Gauvin, 682 F.Supp. at 1071; Swartz, 476 F.3d at 764-65.

Debtor also does not make any argument on appeal demonstrating that Defendants' actions were undertaken "in a transaction intended to result or which results in the sale or lease of goods or services." Rather, as found by the bankruptcy court, the transaction at issue was related to real property. The CLRA is generally inapplicable to real estate transactions.[6] See McKell v. Wash. Mut., Inc., 142 Cal.App. 4th 1457, 1488 (Cal. Ct. App. 2006).

Finally, as noted above, the substitution of trustee was valid, as a matter of law. Therefore, the alleged defect in the

---

[6] In any event, even if it were applicable, Cal. Civil Code § 1782 provides that prior to filing an action for damages under the CLRA and thirty (30) days or more before the commencement of such action for damages, the consumer must: (1) notify the person alleged to have employed or committed methods, acts, or practices declared unlawful under Cal. Civil Code § 1770; and (2) demand that the person correct, repair, replace, or otherwise rectify the goods or services alleged to be violation of Cal. Civil Code § 1770. Nowhere does the SAC allege that such notice was given within the requisite time frame.

-11-

substitution of trustee could not support an unlawful business act or practice even if the CLRA were applicable.

In the end, debtor's allegations under this claim for relief amount to nothing more than a legal conclusion. We are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan, 478 U.S. at 286. The bankruptcy court properly dismissed this claim.

## Violations of the Bankruptcy Code

Under this claim for relief, debtor sought the recovery of actual and punitive damages from Defendants and equitable relief pursuant to §§ 362(a) and 105(a) for intentionally filing a false and fraudulent proof of claim in violation of § 501 and Rules 3001(c) and 3001(d).

As noted above, the substitution of trustee was valid as a matter of law. Therefore, the alleged defect in the substitution of trustee cannot support this claim, if indeed this is the factual underpinning for debtor's allegation that the proof of claim filed by Chase was false and fraudulent.

Moreover, debtor has not asserted a claim under § 105 that would entitle him to relief because there is no private right of action under the statute. Walls v. Wells Fargo Bank, N.A., 276 F.3d 502 (9th Cir. 2002).

Debtor also seeks actual and punitive damages for the Defendants' violation of the stay, but there are no facts alleged that would support a claim for violation of the stay described in any of the categories under § 362(a)(1)-(8). In addition, the filing of a proof of claim alone does not constitute a violation of the stay. See Campbell v. Countrywide

-12-

Homes Loans, Inc., 545 F.3d 348, 355 (5th Cir. 2008) (legal actions in the bankruptcy court do not amount to violations of the stay). In sum, debtor's allegations fail to state a claim for relief under the statutes cited. Therefore, the bankruptcy court properly dismissed this claim.[7]

### Invalid Lien on Property

Under this claim for relief, debtor alleged that the loan in question was not valid as it was obtained as the result of fraud. Debtor further alleged that Defendants, either knowingly or with reckless disregard for the truth, made false statements of material fact, on which he relied.

Debtor's allegations relate to the origination of the loan. However, it is plain from the face of the documents provided by JPMC that not all of them were involved in the origination of debtor's loan. Debtor simply lumps Defendants together without specifying the averred fraudulent representations, identifying the speaker, stating when and where the statements were made or stating the manner in which the representations were false and misleading. Lancaster Cmty. Hosp., 940 F.2d at 405. "The allegations fail to show any nexus between the alleged inducement to enter into the note and DOT at the beginning of

---

[7] In the alternative, the bankruptcy court dismissed debtor's second, third and fourth claims for relief under Civil Rule 15(a)(2). Generally, a plaintiff may not add new causes of action or parties without leave of the court or stipulation of the parties pursuant to Civil Rule 15(a)(2). Debtor does not contend on appeal that the bankruptcy court erred in dismissing the second, third and fourth claims for relief on this ground. Those arguments are deemed waived for purposes of this appeal. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999).

-13-

this transaction and what that has to do with any of the Defendants." Hr'g Tr. 8/8/11 at 13:1-2. In short, no one can tell from reading the allegations in this claim for relief which defendant made what misrepresentation or even what the alleged misrepresentations were. Due to these shortcomings, the heightened pleading requirements for fraud under Civil Rule 9(b) were not met.

Debtor does not address any of these issues on appeal, instead stating that because he was seeking to invalidate a lien on his property, the proper procedure was for him to file an adversary proceeding. Debtor then again re-alleges that the substitution of trustee was invalid and thus any lien on the property where NDEX is named as trustee should also be found to be invalid. These conclusory statements do not constitute a viable argument on appeal. Therefore, this claim fails as a matter of law and was properly dismissed.

## Declaratory Relief

Under this claim, debtor sought an equitable decree enjoining Defendants from filing false claims and declarations or from continuing to assert any claim as to an enforceable secured or unsecured claim against property of the estate in bankruptcy. As these allegations relate to the alleged invalid substitution of trustee, they fail as a matter of law.

Further, the Declaratory Judgment Act (DJA), 28 U.S.C. § 2201, requires that an "actual controversy" before the court may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. The DJA's "operation is

-14-

procedural only" and does not provide an independent theory for recovery. <u>Team Enters., LLC v. W. Inv. Real Estate Trust</u>, 721 F.Supp.2d 898, 911 (E.D. Cal. 2010).

Debtor's declaratory relief claim falls with the demise of the other claims and the absence of a cognizable justiciable controversy. Because debtor's declaratory relief claim cannot stand alone, the bankruptcy court properly dismissed this claim.[8]

### VI. CONCLUSION

Having determined there is no basis for reversal, we AFFIRM the order on appeal.

---

[8] Although we review a bankruptcy court's decision to dismiss a complaint with prejudice for an abuse of discretion, <u>Simon v. Value Behavioral Health, Inc.</u>, 208 F.3d 1073, 1084 (9th Cir. 2000), debtor has made no arguments in his briefs that specifically addressed the "with prejudice" aspect of the court's ruling. Those arguments are deemed waived for purposes of this appeal. <u>Smith v. Marsh</u>, 194 F.3d at 1052. Even if we were to consider the issue, on this record we cannot conclude that the court abused its discretion.