Claudell WASHINGTON, Plaintiff,

v.

Thomas BAENZIGER, individually and
doing business as the Dollar Company,
the Dollar Company, Inc., a California
Corporation, Carol Lefcourt, an indi-
vidual, Lefcourt Corporation, a Califor-
nia Corporation, et al., Defendants.

No. C–86–4827 SAW.

United States District Court,
N.D. California.

April 1, 1987.

Anthony P. David, Edward Vincent King,
Jr., San Francisco, Cal., for plaintiff.

William E. McDonnell, Jr., Keesal, Young & Logan, San Francisco, Cal., Allen Ruby, Morgan, Ruby, Teter, Schofield, Franich & Fredkin, San Jose, Cal., Dinkelspiel & Dinkelspiel, Bruce W. Belding, Margarita Padilla, San Francisco, Cal., Jean Starcevich, Law Offices of Robert L. Mezzetti, San Jose, Cal., for defendants.

## ORDER

WEIGEL, District Judge.

This action arises from investments made by the plaintiff Claudell Washington, a professional baseball player, on the advice of his investment adviser and baseball agent, defendant Thomas Baenziger. Washington alleges that he invested in several high-risk limited partnerships at Baenziger's suggestion. Washington has sued Baenziger, a company through which Baenziger conducts his business (The Dollar Company Inc.), and various individuals and corporations associated with the limited partnerships in which Washington invested.

Washington charges defendants with common law fraud, negligence, breach of fiduciary duty, and violations of federal securities law, California securities law, the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961, et seq., and the Investment Advisers Act, 15 U.S.C. § 80b. He also charges Baenziger and The Dollar Company, Inc. with breach of contract.

The following three groups of defendants have moved to dismiss the complaint: Carol Lefcourt, Carol Lefcourt, Inc., Bell Investors, U.S. Fund & Investment Consultants, Ridgewood Investors, Sunset Investors, and Jack B. Murray; Bernard Filler, Capital B, and FF Associates; and Financial Planners and Mitchell T. Curtiss.

■ Washington's complaint is eighty-six pages plus 15 pages of exhibits and contains thirty-three causes of action against the twenty-one defendants. The complaint does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of Civil Procedure 8(a)(2). Failure to comply with this Rule justifies dismissal of the complaint. *Nevijel v. North Coast Life Ins. Co.*, 651 F.2d 671, 673 (9th Cir.1981).

■ Washington's allegations of fraud (causes of action 2, 7, 12, 17, 22, and 27), violations of federal securities law (causes of action 1, 6, 11, 16, 21, and 26), violations of California securities law (causes of action 3, 8, 13, 18, 23, and 28), breach of fiduciary duty (causes of action 5, 10, 15, 20, 25, and 30), violations of the Racketeer Influenced and Corrupt Organizations Act (cause of action 32), and violations of the Investment Advisers Act (cause of action 33) are not stated with particularity as required by Federal Rule of Civil Procedure 9(b). *See Semengen v. Weidner*, 780 F.2d 727, 731 (9th Cir.1985) (fraud allegations must contain time, place, and contents of alleged misrepresentations); *McFarland v. Memorex Corp.*, 493 F.Supp. 631, 639 (N.D. Cal.1980) (fraud allegations may not rely on blanket references to conduct of "defendants," but must inform each defendant of the conduct with which he individually is charged). Failure to comply with Rule 9(b) justifies dismissal. Moreover, because all Washington's federal claims must be dismissed, the Court does not have pendent jurisdiction over his negligence claims (causes of action 4, 9, 14, 19, 24, and 29) or breach of contract claim (cause of action 31). *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). Therefore, Washington's violation of Rule 9(b) mandates dismissing the entire complaint.

■ Washington's Investment Advisers Act claim also is deficient under Federal Rule of Civil Procedure 12(b)(6). The Investment Advisers Act only applies to "investment advisers," that is, those who receive consideration for rendering investment advice. *Wang v. Gordon*, 715 F.2d 1187, 1189 (7th Cir.1983); 15 U.S.C. § 80b–2(a)(11). Baenziger, The Dollar Company, and Curtis are the only defendants alleged to have received consideration for rendering advice.

■ Moreover, the only private right of action under the Investment Advisers

Act is for rescission of an investment adviser contract and restitution of consideration given under that contract. *Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 24, 100 S.Ct. 242, 249, 62 L.Ed.2d 146 (1979). Restitution does not include compensation for any losses from an investment alleged to have been made as a result of an investment adviser's conduct. *Id.* at 24 n. 14, 100 S.Ct. at 249 n. 14. Only parties to an investment adviser contract are proper parties in a private suit under the Investment Advisers Act. *Paul S. Mullin & Associates, Inc. v. Bassett*, 632 F.Supp. 532, 537 (D.Del.1986). The only investment adviser contracts Washington allegedly entered into were with Baenziger and The Dollar Company, Inc. Therefore, the Investment Advisers Act claim is defective as to all defendants except Baenziger (individually and doing business as The Dollar Company) and The Dollar Company, Inc.

As Washington admits, the Racketeer Influenced and Corrupt Organizations Act claim is defective because it does not specify the subsections of 18 U.S.C. section 1962 under which he is proceeding. Washington requests leave to amend to cure this defect.

■ The moving defendants also argue that the Racketeer Influenced and Corrupt Organizations Act claim should be dismissed under Rule 12(b)(6) for failure to adequately allege either a pattern of racketeering activity or a distinct enterprise. However, Washington's allegations of multiple fraudulent acts with respect to each investment, together with his allegations that each defendant was the agent of every other defendant, may establish the " 'continuity plus relationship' " needed to produce a pattern. *See Sedima, S.P.R.L. v. Imrex Co.*, 473 U.S. 479, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985) (quoting S.Rep. No. 91–617, p. 158 (1969)). Because Washington has not specified the subsections of section 1962 under which he is proceeding, the Court cannot now determine whether the complaint is defective for failing to distinguish persons from enterprises. *See Schreiber Distributing v. Serv-Well Fur-*

*niture Co.*, 806 F.2d 1393, 1396–98 (9th Cir.1986).

For the foregoing reasons,

IT IS HEREBY ORDERED that the complaint is dismissed, but plaintiff is granted sixty days leave to amend.