**James R. HASTINGS, Plaintiff,**

v.

**DEPARTMENT OF JUSTICE et al., Defendants.**

**Civil Action No. 01–0694 (RMU).**

United States District Court, District of Columbia.

Sept. 30, 2002.

James R. Hastings, Washington, DC, for Plaintiff.

Stacy M. Ludwig, Assistant United States Attorney, Washington, DC, for Defendants.

*MEMORANDUM OPINION*

URBINA, District Judge.

### DENYING THE DEFENDANTS' MOTION TO STRIKE THE PLAINTIFF'S COMPLAINT

## I. INTRODUCTION

This civil rights matter comes before the court on a motion to strike the plaintiff's complaint. The *pro se* plaintiff, who is an attorney advisor at the United States Department of Justice ("Department"), filed a complaint alleging employment discrimination in contravention of federal law and the United States Constitution. The Department and various unspecified Department officials (collectively, "the defendants") now move to strike the complaint for failure to contain a short and plain statement of the claim pursuant to Federal Rule of Civil Procedure 8. For the reasons that follow, the court denies the defendants' motion.

## II. BACKGROUND

The *pro se* plaintiff has worked at the Department for more than 20 years. Compl. at 3. The gravamen of his complaint is that the defendants discriminated against him on the basis of his age and religion in violation of federal law and the United States Constitution. *Id.* at 35–37. The plaintiff alleges that this discrimination began in 1988, when the Department's Criminal Division transferred certain older attorneys, including the plaintiff, to the Immigration and Naturalization Service ("INS"), ostensibly as a result of budget constraints. *Id.* at 3.

Concerned that the transfer was motivated by age discrimination, Mr. Hastings filed an equal employment opportunity ("EEO") complaint with the Department's EEO office in March 1989. *Id.* at 5. At about the same time, the defendants permitted the transferred attorneys, with the exception of the plaintiff, to return to the Criminal Division. *Id.* at 6–7. Two months later, the defendants permitted the plaintiff to return to the Criminal Division, but assigned him to a new position within an unfamiliar unit. *Id.* at 8. Believing that the defendants were subjecting him to reprisal as a result of his March EEO complaint, the plaintiff filed two additional EEO complaints. *Id.* at 13. The plaintiff avers that the situation deteriorated dramatically over the next several years, with the plaintiff receiving further transfers, degrading work assignments, inequitable treatment, threatening comments from supervisors, and repeated denials of leave. *Id.* at 12–33.

As his work environment worsened, the plaintiff continued to file EEO complaints, registering another 12 complaints, all alleging reprisal or discrimination,[1] between 1989 and 1991. *Id.* at 4, 13–17. The plaintiff reports that in August 1992, the Department's EEO officer informed him of his right to file a complaint with the Equal Employment Opportunity Commission ("EEOC") or in federal district court. *Id.* at 18. According to the plaintiff, after he notified the Department of his intent to file suit, the hostility in the work environment intensified. *Id.* at 18, 21–32. The plaintiff believes that the discrimination continued through 1998. *E.g., id.* at 15.

On March 29, 2001, the plaintiff filed a complaint demanding a jury trial and asserting the following five causes of action against the defendants: (1) violations of

---

1. The March 4, 1991, EEO complaint filed by Mr. Hastings alleged employment discrimination on the basis of religion. According to the plaintiff, he filed the complaint after becoming aware that the 1989 transfers were carried out not for budgetary reasons, but to allow the Criminal Division of the Department to hire attorneys who practiced charismatic, evangelical and fundamentalist Christian beliefs. Compl. at 4 n. 1.

the defendants' duty to protect the plaintiff's free speech rights under the First Amendment; (2) violations of the defendants' duty to protect the plaintiff's religious freedom rights under the First Amendment; (3) violations of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.;* (4) violations of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.;* and (5) violations of the defendants' duty to provide the plaintiff with an effective system to prevent reprisal and harassment as a result of exercising his right to file an EEO complaint. *Id.* at 35–37. The defendants filed the instant motion to strike the complaint for failure to state a short and plain statement of the claim. Defs.' Mot. to Strike ("Defs.' Mot."). For the reasons that follow, the court denies the motion.

## III. ANALYSIS

### A. Legal Standard Under Federal Rule of Civil Procedure 8

Federal Rule of Civil Procedure 8 sets forth the general rules of pleading. FED. R.CIV.P. 8. Under Rule 8(a), a complaint must contain "a short, plain statement of the claim showing that the pleader is entitled to relief...." FED.R.CIV.P. 8(a). In addition, Rule 8(e) requires that "each averment of a pleading ... be simple, concise, and direct." FED.R.CIV.P. 8(e).

The purpose of pleading is to give an adverse party fair notice of the claim so as to permit the party the opportunity to "file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." *Prows v. Dep't of Justice,* 1991 WL 111459, at *1 (D.D.C. Jun 13, 1991) (citing *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C. 1977)). The court or opposing party must be able "to understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merch. Servs., Inc.,* 20 F.3d 771, 775 (7th Cir.1994).

### B. The Complaint Provides Fair Notice of the Plaintiff's Claims

In this case, the plaintiff's complaint consists of 38 double-spaced pages, with content divided into the standard sections (Parties, Jurisdiction, Factual Allegations, Request for Jury Trial, Counts, and Prayer for Relief). The narrative proceeds in a chronological fashion, with occasional digressions. The first few pages of the complaint set forth facts relevant to the plaintiff's claim of employment discrimination. Compl. at 3–5. The remainder is largely devoted to describing the circumstances of the alleged reprisals made against the plaintiff after he filed his EEO complaints against the Department. *Id.* at 6–32. The final pages state the law on which the claims rely and the prayer for relief.

The defendants argue that the complaint does not provide "a suitable basis for the proceedings that will follow" and cites various cases in support of that statement. Defs.' Mot. at 2, 3–6. First, the defendants complain that the 38 page complaint is "lengthy and discursive" and "written in a rambling narrative style." *Id.* at 1–2. Second, the defendants state that it provides "no clear chronology of events" and no clear identification of those officials against whom the complaint is lodged. *Id.* The defendants argue that as a result, the complaint hinders their ability to raise certain defenses under the Civil Rights Act, the FTCA, and the ADEA, and "further complicat[es]" its understanding of the case. *Id.* at 2.

Having reviewed the plaintiff's complaint, the court concludes that the defendants' arguments are without merit. First, with regard to the narrative, the complaint is neither rambling nor overly lengthy. Although it includes more facts than are necessary to provide notice to the defendants, the text consists of plain narrative that is intelligible and that proceeds

in chronological order. 5 WRIGHT & MILLER § 1281 (2d ed.1990). It is not "a completely unintelligible statement of argumentative fact" or "so verbose, confused and redundant that its true substance, if any, is well disguised." *Brown,* 75 F.R.D. at 498–99 (citations omitted). Moreover, its 38 pages bear no resemblance to the lengthy complaints in the cases cited by the defendants. *In re Westinghouse Sec. Litig.,* 90 F.3d 696, 703 (3d Cir.1996) (involving a 240–page complaint); *Hartz v. Friedman,* 919 F.2d 469, 471 (7th Cir.1990) (reviewing a 125–page complaint); *Soghomonian v. United States,* 82 F.Supp.2d 1134, 1136 n. 3 (E.D.Cal.1999) (discussing an 87–page complaint with more than 40 pages of attachments); *Washington v. Baenziger,* 656 F.Supp. 1176, 1177 (N.D.Cal.1987) (describing an 86–page complaint with 15 pages of exhibits).[2]

With regard to the chronology of events, it is true that the complaint contains some apparent errors. For example, there are a handful of instances in which the plaintiff appears to have transposed the last two digits of the calendar year cited. *E.g.,* Compl. at 8, 12, 13. But these typographical errors become obvious upon a closer reading of the complaint,[3] particularly given the clear chronological flow of the narrative. To state that "it is unclear whether many of the actions about which plaintiff complains occurred in the late 1980's or late 1990's" does a disservice both to the plaintiff and to the capabilities of the defendants' attorneys. Defs.' Mot. at 2. As for the defendants' argument concerning identification of officials, the complaint is replete with specific references to various individuals, and includes their full names and titles. *E.g.,* Compl. at 6, 8, 10, 11, 14, 16, 21–23 (naming, *inter alia,* Principal Deputy Attorney General John Keeney, Organized Crime and Racketeering Assistant Chief Gerald Austin Toner, Organized Crime and Racketeering Chief Paul Coffey, and Organized Crime and Racketeering Deputy Chief Frank Marine). Contrary to the defendants' position, these references are more than sufficient to ensure the defendants are able to identify the relevant Department officials.

Turning to the defendants' ability to raise appropriate defenses, the complaint specifies the federal law at issue and the relief sought, as well as dates, times, people, and places. *E.g., id.* at 35–38. Indeed, the defendants were able to summarize the plaintiff's claims succinctly, and to assert that they will "show in a manner that will permit the court to dispose of this case expeditiously" that the plaintiff is not entitled to relief. Defs.' Mot. at 1–2. Given the defendants' apparent comprehension of the complaint, the court determines that the complaint does not prevent the defendants from raising appropriate defenses.

In sum, the court concludes that the complaint meets the requirements of Rule 8 by giving the defendants fair notice of the claims against them. *Prows,* 1991 WL 111459, at *1, *Vicom,* 20 F.3d at 775.

## IV. CONCLUSION

For the foregoing reasons, the court denies the defendants' motion to strike. An order consistent with this Memorandum

---

2. Further undercutting the defendants' argument is the fact in that in one case, the district court nevertheless proceeded to resolve the case on the merits. *Hartz,* 919 F.2d at 471. In another, the court set a limit of 50 pages—more than the 38 pages at issue here—for an amended complaint. *Soghomonian,* 82 F.Supp.2d at 1150.

3. For example, at one point the complaint appears to jump from the summer of 1989 to October 20, 1998. Compl. at 13. On the next page, however, the complaint refers to "October 22, 1989" when making reference to the same work plan associated with October 20, 1998 date. It is not difficult to conclude that the reference to 1998 is in error.

Opinion is separately and contemporaneously issued this —— day of September, 2002.

### ORDER

### Denying the Defendants' Motion to Strike the Plaintiff's Complaint

For the reasons stated in this court's Memorandum Opinion separately and contemporaneously issued this —— day of September, 2002, it is

**ORDERED** that the defendants' motion to strike is **DENIED.**

**SO ORDERED.**